700 P.2d 19

Evelyn Delma JOHNSON, individually; Brian Johnson, individually, Evelyn Delma Johnson and Brian Johnson, executors and trustees of Last Will and Testament of Donald Vernon Johnson, Deceased; Cynthia Dyer, Brenton Dyer, and Donna Johnson, Plaintiffs-Appellants,

v.

Sharon Mae PISCHKE, individually and D/B/A Norm Air Service; Sharon Mae Pischke, executrix of the estate of Norman Joseph Pischke, Deceased; and Norm Air Service, Inc., a corporation, Defendants-Respondents,

and

Cessna Aircraft Company, a corporation, Defendant, Cross-Claimant, Respondent.

No. 15212.

Supreme Court of Idaho.

April 22, 1985.

Richard H. Greener, Boise, Susan E. Loggans, William J. Harte, Chicago, Ill., for plaintiffs-appellants.

Gerald T. Husch, Mark S. Geston, Boise, for defendants-respondents.

HUNTLEY, Justice.

This appeal arises out of the following factual situation. Four residents of Estevan, Saskatchewan departed from that city on the morning of May 5, 1979. Aboard the Cessna 172 Skyhawk aircraft were Norman Pischke, pilot, fixed base flying service owner, and owner of the airplane, Brenton Dyer, student pilot, Donald Johnson, passenger, and his daughter Donna Johnson, also a passenger. Their destination was Boise, Idaho. After stops in Williston, North Dakota, and Livingston, Montana, the aircraft crashed that afternoon in the mountains of central Idaho. Mr. Pischke died after suffering a head wound and wandering away from the plane the day after the accident. Donald Johnson survived the initial impact, gave his coat to his daughter, and died of exposure the day after the crash. Donna Johnson received cuts and broken bones in her wrist and finger, while Brent Dyer suffered a broken jaw, mouth injuries, a broken shoulder and cuts. Both Ms. Johnson and Mr. Dyer also suffered frostbite and exposure. Ms. Johnson and Mr. Dyer stayed with the plane for approximately two weeks, but eventually managed to survive by walking out to civilization, arriving at the Livingston mine nineteen days after the crash.

Plaintiffs brought the following actions: Don Johnson's wife Evelyn, son Brian, and daughters, Donna and Cynthia Dyer, brought wrongful death claims against the defendants, Pischke survivors and Cessna Aircraft Company; Dyer and Donna Johnson sought recovery against defendants for personal injuries; and Cynthia Dyer brought claims against defendants for loss of consortium. Plaintiffs also brought strict liability and lack of crashworthiness claims against Cessna Aircraft Company. Defendants moved for summary judgment against all claims except for Donna Johnson's personal injury claims. The district court ruled that: (1) Brent and Cynthia Dyers' personal injury claims were barred by Saskatchewan Worker's Compensation Law; (2) Johnsons' wrongful death claims against Pischkes and Cessna were barred by the Saskatchewan wrongful death statute's one-year limitation on actions, (3) Brent Dyer's and Donna Johnson's claim against Cessna for lack of "crashworthiness" of the aircraft was dismissed; and (4) Idaho law would govern Brent Dyer's and Donna Johnson's claim in strict liability against Cessna, though Saskatchewan law does not recognize strict liability, but only claims based on common law negligence. Trial court rulings (1), (2) and (3) are before us on appeal, the first two requiring a determination of whether Saskatchewan or Idaho law is applicable and the third raising a question of whether there is any evidence in the record to sustain a cause of action against Cessna for lack of crashworthiness of the aircraft.

We address these issues in turn.

Appellants have asserted that I.C. § 21–207[1] requires application of Idaho law to all claims. We find their arguments to be without merit. We agree with the trial court that:

> The purpose of the provision seems most likely to have been an attempt to assure that this state would have jurisdiction to punish wrongdoing where no other state did due to the fact that the crime or tort was not committed within the territorial boundaries of any other jurisdiction.

The statute does not require application of Idaho substantive law to the rights and obligations of the parties in the instant case.

The trial court concluded that in the absence of a statutory choice of law directive, a choice of law analysis was necessary. The court focused its analysis on the Restatement (2d) of Conflict of Laws' "most

---

1. I.C. § 21–207 states:

   **21–207. Jurisdiction over crimes and torts.—** All crimes, torts and other wrongs committed by or against an airman or passenger while in flight over this state shall be governed by the laws of this state; and the question whether damage occasioned by or to an aircraft while in flight over this state constitutes a tort, crime or other wrong by or against the owner of such aircraft, shall be determined by the laws of this state, so far as not governed by federal laws at any time.

significant contacts" test, adopted by this Court for contract cases in *Rungee v. Allied Van Lines, Inc.*, 92 Idaho 718, 449 P.2d 378 (1968) and for tort cases by the Idaho Court of Appeals in *DeMeyer v. Maxwell*, 103 Idaho 327, 647 P.2d 783 (Ct.App. 1982). The Restatement involves consideration of enumerated factors or principles and significant contacts. The listed principles are:

    (a) the needs of the interstate and international systems,

    (b) the relevant policies of the forum,

    (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,

    (d) the protection of justified expectations,

    (e) the basic policies underlying the particular field of law,

    (f) certainty, predictability and uniformity of result, and

    (g) ease in the determination and application of the law to be applied. *Restatement (2d) of Conflict of Laws* Section 6.

■ Section 145 adds to the Section 6 considerations cited above:

(1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in Section 6.

(2) Contacts to be taken into account in applying the principles of Section 6 to determine the law applicable to an issue include:

    (a) the place where the injury occurred,

    (b) the place where the conduct causing injury occurred,

    (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and

    (d) the place where the relationship, if any, between the parties is centered.

These contacts are to be evaluated according to their relative importance with respect to the particular issue.

Some commentary is appropriate concerning the manner in which the Restatement principles are applied and analyzed. Professor Weintraub discusses the Restatement approach in his treatise on conflicts of law:

    Whether or not a particular contact with a state is significant for conflicts purposes cannot be known until one first knows exactly what domestic tort rules are in conflict and what the policies underlying those rules are. Only then can one intelligently "evaluate" rather than mechanically count the contacts. A dozen contacts with an occurrence may fail to give a state any interest in having its rule applied to determine consequences of that occurrence. One contact may make the policies underlying a state's rule directly and rationally applicable to the case being decided. Once each of two states has a contact with an occurrence such that each state has an interest in having a different rule applied to determine controversies flowing from that occurrence, there is a real conflict that should be resolved rationally and not by counting contacts. *Weintraub, Commentary on the Conflict of Laws,* § 6.8 pp. 277–78 (1980).

The trial court correctly noted that differing policies and interests may make the law of one jurisdiction appropriate for the resolution of some issues, and the law of another interested jurisdiction the most rational choice for resolving other issues in the same case.

I.

WORKER'S COMPENSATION CLAIM

    It is undisputed that Brenton Dyer was employed by Dyer Ford, which paid for his flying lessons and gave him time off to practice flying and take lessons. Dyer was receiving formal cross-country instruction on the subject flight and was piloting the aircraft until shortly before the crash. Dyer therefore filed a claim for, and re-

ceived, worker's compensation benefits from the Saskatchewan Worker's Compensation Board.

The Saskatchewan Worker's Compensation Act differs from Idaho's in that it insulates from third party tort liability not only the immediate employer of the injured employee, but all employers who make payments into the fund. The Act provides that employees injured outside of Saskatchewan must elect whether to seek relief under the laws of the place of the injury, or to seek compensation under the province's compensation program.

The trial court found that defendant Pischke was reporting to the Board of Worker's Compensation, did pay assessments on behalf of the flying operations for his employees, and did elect to cover himself during the time in question.

■ We agree with the trial court's conclusion that:

The province of Saskatchewan has significant interest in controlling the rights of injured employees to be compensated for their work related injuries and in allocating the resulting costs among the various employers who are believed to bear the responsibility for those injuries. The Pischke Defendants could have justifiably assumed that their payments into the compensation fund would immunize them from such liability. Saskatchewan's policy of insulating all covered employers from civil liability if they pay into and participate in its worker compensation program would be subverted by the application of Idaho law to this controversy.

■ Appellants contend that ambiguities in the Worker's Compensation Act raise a question as to whether Pischke was actually covered, and what the legal status of the act itself was at the time of the accident. Despite any "ambiguity" concerning the legal status of the regulations under the Saskatchewan Worker's Compensation Act, the fact remains that Dyer elected to proceed under and accept the benefits of the act. Since the Worker's Compensation Board has *exclusive* jurisdiction under the 1978 act to determine whether or not any industry or any part of such industry is within the scope of the act, and the decision of the Board is final and conclusive and not open to question or review in any court, (see § 24(1) and § 24(2)(I) of the Saskatchewan Worker's Compensation Act), the Dyers cannot now be heard to complain that the Board was without jurisdiction to determine the applicability of the Saskatchewan Act when they accepted the full benefits of its provisions.

We affirm the trial court's decision that the claims of Brenton and Cynthia Dyer are barred against defendant Pischke under the Saskatchewan Worker's Compensation Act.

## II.

### A. SASKATCHEWAN WRONGFUL DEATH ACT STATUTE OF LIMITATIONS AS BARRING CLAIMS AGAINST PISCHKES

■ The Saskatchewan Fatal Accidents Act contains a one-year statute of limitations, while Idaho's wrongful death statute has a two-year statute of limitations. This action was commenced more than one year but less than two years after the accident. Johnsons assert that Idaho law should apply under the most significant contacts analysis. They point to the fact that the injury—Johnson's death—occurred in Idaho, as well as did some or all of Pischke's negligence which caused the accident. We, however, agree with the trial court's conclusion that the most significant contacts between Johnsons and Pischke were not with Idaho, but with Saskatchewan. Johnson and Pischke both resided in Saskatchewan, and their estates and survivors are also located there. Neither had a settled relationship with Idaho, nor did either conduct business here on a regular basis. We therefore affirm the trial court's ruling that Saskatchewan's one-year statute of limitations bars Johnsons' wrongful death claim against Pischke and his survivors.

## B. SASKATCHEWAN WRONGFUL DEATH ACT STATUTE OF LIMITATIONS AS BARRING JOHNSONS' CLAIM AGAINST CESSNA

The trial court determined that Johnsons' wrongful death claim against Cessna was also barred by the Saskatchewan Fatal Accidents Act statute of limitations. On this issue we disagree and reverse the trial court's holding. The trial court concluded that Idaho's only significant contact was as the place of the accident and resulting injury, a factor other courts have characterized as "fortuitous". It also observed that with regard to public policy, it was difficult to determine what interest Idaho would have in subjecting Cessna, a Kansas corporation, to liability for a longer period than is available under the law of Saskatchewan, the domicile of appellants and the other defendants here. Finally the trial court stated that if Pischke were protected by the one-year statute of limitations, and Cessna were not, then Cessna, as a joint tortfeasor, "could end up bearing the full financial responsibility for the death of Donald Johnson. Allowing Cessna to seek contribution from Pischke's estate under Idaho's comparative negligence law would allow plaintiffs to avoid the one-year limitation indirectly and thus thwart Canada's policy of cutting off wrongful death claims one year from the victim's death."

The Restatement (2d) of Conflicts of Laws, § 175 provides:

In an action for wrongful death, the local law of the state where the *injury occurred determine the rights and liabilities* of the parties unless with respect to the particular issue, some other state has a more significant relationship .... (Emphasis added).

█ As the state where the injury occurred, Idaho's law, according to the Restatement, should apply unless there is another state with a more significant relationship. We will therefore examine the other contacts in the context of the Restatement criteria for "most significant relationship."

The place of injury was, of course, Idaho. Following the crash, it was the Idaho Department of Aeronautics which coordinated and conducted one of the most extensive, lengthy and costly aerial searches in recent years for the downed aircraft, the funds for the search coming from the fees paid by Idaho pilots and taxpayers. Cessna designed and manufactured the plane in Kansas; therefore, if the aircraft were defective, Kansas was the place of the conduct which allegedly caused the injury. The place of the domicile of plaintiffs is Saskatchewan, while the place of business of defendant Cessna is Kansas. The place where the relationship of the parties was centered has several facets: The parties' journey originated in Saskatchewan, but their destination was Boise, Idaho. They flew over North Dakota and Montana, landing in both states during the trip. The Cessna plane was registered in Saskatchewan. As between the Johnsons and Cessna, the relationship could in fact be centered in any place where the parties occupied the plane.

Cessna's corporate accountability did not cease at the Kansas border. Cessna would continue to have responsibility for any faulty design and construction after the plane left its possession and control, in any place where the plane would be used. *See,* Annotation, 97 A.L.R.3d 606, 634–638 (1980). Furthermore, Johnsons and Cessna do not share a common domicile; that Johnsons and Pischkes did share a common domicile is irrelevant to the cause of action against Cessna. Among the places discussed, none has a *more* significant relationship to the issue before us than Idaho, the place of injury.

█ As to policy considerations addressed by the Restatement, the most significant element here would be the relevant policies of the forum and other interested states. The policy behind statutes of limitation is protection of defendants against stale claims, and protection of the courts against needless expenditure of resources. Because Cessna's duty to buyers and users of its product extends beyond the borders of its principle place of business, Kansas would have no superior interest in protect-

ing its corporate resident. Nor would it serve the interests of Saskatchewan plaintiffs if Saskatchewan law were applied to protect a foreign defendant. North Dakota and Montana are incidental to this action. Idaho, as the place of injury, has the most significant interest. It is the Idaho courts' resources which are being expended; if Idaho chooses to open its judicial system to actions brought within two years, then no other jurisdiction has grounds to object. *See Tomlin v. Boeing Co.*, 650 F.2d 1065 (9th Cir.1981).

We rule, then, under the most significant contacts analysis, that the Idaho wrongful death two-year statute of limitations applies to Johnsons' wrongful death cause of action against Cessna.

### III.

### "CRASHWORTHINESS" CLAIM AGAINST CESSNA

Idaho courts have applied the doctrine of crashworthiness to automobiles. The doctrine stems from the foreseeable likelihood that in the normal course of operation an automobile may be involved in a collision. Under that doctrine, it is a "manufacturer's duty to design and manufacture its product so as to eliminate unreasonable risks of foreseeable injury in the event of a collision or other impact." *Farmer v. International Harvester Company*, 97 Idaho 742, 751, 553 P.2d 1306, 1315 (1976). The evidence must show that the defect enhanced or intensified the injuries received rather than caused the accident itself. *See,* Annotation 42 A.L.R. 3d 560 (1972).

The trial court correctly dismissed Johnsons' crashworthiness claims for the reason the record establishes no facts giving rise to a plausible showing that any part of their injuries were enhanced or intensified by the aircraft's design and that their allegations regarding lack of crashworthiness were merely conclusory.

In summary, we rule as follows: with regard to Brent and Cynthia Dyer's personal injury claims, Johnsons' wrongful death claims against Pischke, and appellants' claim against Cessna based on lack of "crashworthiness", we affirm the trial court. As to Johnsons' wrongful death claims against defendant Cessna, we reverse and remand to the trial court for further proceedings consistent with this opinion.

Costs to be borne one-third each by the Dyers, Johnsons, and Cessna. No attorney fees awarded.

DONALDSON, C.J., BISTLINE, J., and McFADDEN, J. Pro Tem., concur.

BAKES, J. concurs in I and IIA, and concurs in the result on IIB and III.