886 P.2d 777

**Joan E. DILLON, individually and as Natural Mother and Heir and as Personal Representative of the Estate of Deborah L. Dillon, Deceased, Plaintiff–Appellant,**

v.

**Gordon DILLON, Defendant–Respondent.**

**No. 20857.**

Supreme Court of Idaho,
Pocatello, September 1994 Term.

Dec. 12, 1994.

Brian R. Goates, Blackfoot, for appellant.

Racine, Olson, Nye, Cooper & Budge, Pocatello, for respondent.

JOHNSON, Justice.

This is a wrongful death case in which the issue presented is the choice of law to determine the applicable statute of limitations. We follow *Johnson v. Pischke*, 108 Idaho 397, 700 P.2d 19 (1985) in holding that, based on a most significant contacts analysis, Saskatchewan law applies.

## I.

### THE BACKGROUND AND PRIOR PROCEEDINGS.

On December 15, 1990, Gordon Dillon (Gordon) and his daughter, Deborah Dillon (Deborah), were driving through Fremont County, Idaho enroute from Saskatchewan to a vacation in the southern United States. Gordon lost control of the vehicle after hit-

ting some black ice, crossed the center line and crashed into an oncoming snowplow, killing Deborah instantly. Nearly two years later on December 14, 1992, Joan Dillon (Joan) filed a wrongful death claim in Idaho against her former husband, Gordon, for the death of their daughter. Deborah and Gordon were residents of Saskatchewan; Joan resided in British Columbia.

As a defense, Gordon argued that the one-year statute of limitations contained in Saskatchewan's fatal accidents act (the fatal accidents act), R.S.S.1978, ch. F–11, § 6, is applicable. Idaho has a two-year statute of limitations for wrongful death actions. I.C. § 5–219(4).

In granting Gordon summary judgment, the trial judge concluded that Saskatchewan had the "most significant relationship" to the wrongful death claim for purposes of the statute of limitations issue.

Joan appealed.

## II.

## SASKATCHEWAN HAS A MORE SIGNIFICANT RELATIONSHIP TO THE DEATH WITH REGARD TO THE STATUTE OF LIMITATIONS THAN IDAHO DOES.

Joan asserts that Idaho, instead of Saskatchewan, has the most significant relationship to Deborah's death. We disagree.

In granting summary judgment to Gordon, the trial court relied on *Johnson v. Pischke* for its most significant relationship analysis. Considering a remarkably similar set of circumstances, the Court in *Johnson* concluded that Saskatchewan, rather than Idaho, had the most significant relationship to the death of a Saskatchewan resident who died as the result of an airplane accident in Idaho. The plane was owned and piloted by another Saskatchewan resident.

In upholding the dismissal of the claims against the surviving spouse and estate of the pilot on the basis of the statute of limitations contained in the fatal accidents act, the Court in *Johnson* said:

> [The claimants] assert that Idaho law should apply under the most significant

contacts analysis. They point to the fact that the injury—[the decedent's] death—occurred in Idaho, as well as did some or all of [the pilot's] negligence.... We, however, agree with the trial court's conclusion that the most significant contacts between [the decedent] and [the pilot] were not with Idaho, but with Saskatchewan. [The decedent] and [the pilot] both resided in Saskatchewan, and their estates and survivors are also located there. Neither had a settled relationship with Idaho, nor did either conduct business here on a regular basis. We therefore affirm the trial court's ruling that Saskatchewan's one-year statute of limitations bars [the decedent's survivors'] wrongful death claim against [the pilot] and his survivors.

*Id.* at 401, 700 P.2d at 23.

The present case presents only a slight variation from *Johnson*. Here the claimant is an heir from British Columbia instead of Saskatchewan. In light of the most significant relationship analysis in *Johnson*, we conclude that this difference does not dictate that the Idaho statute of limitations apply.

As in *Johnson*, Saskatchewan has more significant contacts with the accident than Idaho with regard to the statute of limitations. Deborah was a resident of Saskatchewan. Saskatchewan is the location of her property and estate. Gordon is a resident of Saskatchewan. Joan's residence in British Columbia is not a contact that strengthens the relationship of Idaho to Deborah's death. As in *Johnson*, the decedent and the person alleged to be responsible for the death were merely travelling through the state. The fact that this was an automobile accident instead of an airplane accident also does not make the analysis in *Johnson* inapplicable. It is the wrongful death for which Joan seeks compensation. The type of conveyance involved is immaterial.

## III.

## CONCLUSION.

We affirm the trial court's summary judgment dismissing Joan's wrongful death claim.

We award costs to Gordon. Gordon withdrew his request for attorney fees.

McDEVITT, C.J., TROUT and SILAK, JJ., and SCHWARTZMAN, J. Pro Tem, concur.