895 P.2d 1229

**John DOE I, and his father John Doe II, Plaintiffs–Appellants,**

v.

**Fred Garcia and Christy Garcia, husband and wife, Defendants,**

and

**SISTERS OF THE HOLY CROSS, d/b/a St. Alphonsus Regional Medical Center, Defendant–Respondent.**

No. 20876.

Court of Appeals of Idaho.

May 16, 1995.

Cantrill, Skinner, Sullivan & King, Boise, for defendant-respondent. Tyra H. Stubbs argued.

LANSING, Judge.

John Doe I, a minor child ("Doe"), and his father brought this action alleging that Sisters of the Holy Cross, doing business as St. Alphonsus Hospital ("the hospital"), is liable for sexual abuse of Doe inflicted by a former employee of the hospital. Summary judgment was entered in favor of the hospital on the ground that the plaintiffs' damages were not proximately caused by the alleged negligence of the hospital. On appeal the plaintiffs argue that summary judgment was improper because they were prevented from completing discovery necessary for their response to the motion and because there are genuine issues of material fact as to whether the hospital's negligence was the proximate cause of Doe's injuries. We conclude that the district court should have allowed plaintiffs the opportunity to conduct further discovery relative to the proximate cause issue before acting upon the hospital's summary judgment motion. Therefore, we vacate the judgment and remand this case for further proceedings.

The uncontroverted evidence presented on the summary judgment motion established the following. Doe, who was then thirteen years old, was admitted to St. Alphonsus Medical Center following an accident in which he was seriously injured. While there he became acquainted with Fred Garcia, a respiratory therapist employed by the hospital. Shortly before Doe was discharged from the hospital, Garcia gave the boy Garcia's home telephone number and asked him to call sometime. About a month after his release from the hospital, Doe contacted Garcia and began seeing him. With his parents' permission, Doe visited with Garcia regularly and often spent the night at Garcia's residence. Garcia took the boy on numerous outings and in general appeared to befriend the boy.

Holden, Kidwell, Hahn & Crapo, Idaho Falls and Boise, for plaintiffs-appellants. Ronald D. Christian argued.

Garcia's employment was subsequently terminated for misconduct involving young

male employees of the hospital. The termination was based on allegations that Garcia had repeatedly invited these employees, who were under twenty-one years of age, to his home and offered to provide alcohol to them. At some point in the summer of 1989, after he had been fired by the hospital, Garcia began to sexually abuse Doe. This abuse continued until early 1992 when Doe's father became aware of it and reported Garcia to the police. Garcia was eventually convicted of lewd conduct with a minor, I.C. § 18–1508, and was incarcerated at the Idaho State Correctional Institution. Doe and his father then brought this suit against the hospital alleging that the hospital was negligent in its hiring, supervision and retention of Garcia.

The hospital filed a motion for summary judgment under I.R.C.P. 56(b) asserting that, even assuming it was negligent with respect to its employment of Garcia, the hospital's negligence was not a proximate cause of Doe's injuries. For purposes of the hospital's motion it was stipulated that the hospital was under a duty to use care in hiring and supervising its employees and to protect its patients from harm at the hands of its employees. The hospital also stipulated for purposes of the motion that it had breached this duty by not using reasonable care in hiring and supervising Fred Garcia. The sole issue, therefore, was whether the hospital's breach of duty was the proximate cause of Doe's injury, i.e., his molestation at the hands of Fred Garcia.

In response to the hospital's summary judgment motion the plaintiffs filed a motion pursuant to I.R.C.P. 56(f) requesting an opportunity to conduct additional discovery necessary to develop evidence for their opposition to the summary judgment motion. Specifically, the plaintiffs sought an opportunity to depose a counselor working in the hospital's Employee Assistance Program (EAP). The EAP was set up by the hospital to assist employees with emotional or psychiatric problems. Employees were encouraged to contact EAP counselors and discuss their problems. In deposing Garcia, Doe learned that Garcia had consulted an EAP counselor and had disclosed to her that he was sexually attracted to young males. Garcia testified that he had told the counselor that while employed at another hospital he had fondled a male patient. Shortly before the hospital filed its summary judgment motion, the plaintiffs obtained from Garcia a waiver of his psychotherapist/patient privilege so the plaintiffs would be able to depose the counselor and acquire records on Garcia's psychiatric history.

The district court denied the plaintiffs' motion for discovery under I.R.C.P. 56(f) on the ground that such discovery would be irrelevant because, for purposes of the summary judgment motion, a breach of the duty of care was assumed. Therefore, the court reasoned, what the hospital knew or should have known as a result of Garcia's consultations with the counselor would be of no assistance in resolving the summary judgment motion.

The district court subsequently granted the hospital's motion for summary judgment, holding that Garcia's abuse of Doe some ten months after Doe was released from the hospital and after Garcia had been terminated by the hospital was not proximately caused by the hospital's negligent hiring, supervision or continued employment of Garcia. In granting summary judgment the district court stated:

> I appreciate that proximate cause generally is a question of fact. And I would think that if I had some combination of present employment, a present patient in the hospital or a direct connection between the hospital activities, hospital business and the event in question, that there would be a question of fact here.

> But since I don't have any of them, all three of the essential links are missing, and John Doe I was no longer a patient of the hospital's, and Garcia was no longer an employee of the hospital, and none of the events occurred on the hospital property, I think that the necessary connections are so attenuated that as a matter of law I can find . . . . that there is no proximate cause. And that as a matter of law, any negli-

gence that might have arisen by virtue of the negligent hiring or negligent supervision is so attenuated from the events that as a matter of law, it cannot be construed as a substantial factor in bringing about the event.

Doe appeals from this order, asserting that the district court erred in denying Doe's I.R.C.P. 56(f) motion for further discovery and in granting the hospital's motion for summary judgment.

## STANDARD OF REVIEW

 Summary judgment is appropriate only if the affidavits, depositions, admissions and other evidence in the record demonstrate that there are no genuine issues of material fact, and that the movant is entitled to judgment as a matter of law. I.R.C.P. 56(c); *Loomis v. City of Hailey*, 119 Idaho 434, 436, 807 P.2d 1272, 1274 (1991); *Moss v. Mid-American Fire and Marine Insurance Co.*, 103 Idaho 298, 302, 647 P.2d 754, 758 (1982). Controverted facts are viewed in favor of the party resisting a motion for summary judgment. Where, as here, a jury has been requested, the non-moving party is entitled to the benefit of all reasonable inferences to be drawn from the evidentiary facts. *Anderson v. Ethington*, 103 Idaho 658, 660, 651 P.2d 923, 925 (1982); *Whitlock v. Haney Seed Co.*, 110 Idaho 347, 348, 715 P.2d 1017, 1018 (Ct.App.1986). If the evidence is conflicting on material issues or supports conflicting inferences, or if reasonable minds could reach differing conclusions, summary judgment must be denied. *Loomis*, 119 Idaho at 436, 807 P.2d at 1274.

## ANALYSIS

The district court granted summary judgment to the hospital on the ground that, although the hospital was assumed to be

negligent for purposes of the motion, its negligence did not proximately cause the sexual abuse of Doe by Garcia. Two questions are therefore presented by this appeal. First, would the evidence that Doe sought to develop through further discovery have been potentially relevant to the proximate cause issue? If so, the district court should have permitted such discovery before acting on the summary judgment motion, and it would be necessary for us to vacate the judgment. Second, if such additional discovery would not have been relevant we must decide whether, viewing the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to Doe, reasonable minds could differ as to whether the hospital's negligence was the proximate cause of the sexual abuse suffered by Doe.

Before addressing either of these questions it is necessary to have clearly in mind what "proximate cause" means. The concept expressed by the term, "proximate cause," is exceedingly complex and has been the subject of much debate. *See Fussell v. St. Clair*, 120 Idaho 591, 818 P.2d 295 (1991); *Matter of Estate of Eliasen*, 105 Idaho 234, 243, 668 P.2d 110, 119 (1983); *Munson v. State Department of Highways*, 96 Idaho 529, 531 & n. 3., 531 P.2d 1174, 1176 & n. 3 (1975). We are once again called upon to address the meaning and the component parts of proximate causation.

"Proximate cause," as the term has developed in the law of Idaho, is composed of two elements: cause in fact and scope of legal responsibility. *Edmark Motors, Inc. v. Twin Cities Toyota, Inc.*, 111 Idaho 846, 849, 727 P.2d 1274, 1277 (Ct.App.1986); *Crosby v. Rowand Machinery Co.*, 111 Idaho 939, 941, 729 P.2d 414, 416 (Ct.App.1986); *Challis Irrigation Company v. State*, 107 Idaho 338, 343, 689 P.2d 230, 235 (Ct.App.1984).[1] The cause in fact component has been much discussed

---

1. This distinction between cause in fact and scope of legal responsibility has sometimes been referred to by the Idaho Supreme Court as a distinction between "actual cause" and "proximate cause:"

Actual cause has often been confused with proximate causation. The significance of

proximate cause focuses upon legal policy in terms of whether responsibility will be extended to the consequences of conduct which has occurred. Actual cause, however, is a factual question focusing on the antecedent factors producing a particular consequence.

in Idaho cases. In *Challis*, we stated that cause in fact was made up of two elements:

First, an event is the cause in fact of a succeeding event only if the succeeding event would not have occurred "but for" the prior event.... The second element is a requirement that the first event be a "substantial factor" in producing the succeeding event.

*Challis*, 107 Idaho at 343, 689 P.2d at 235.

Subsequent to our discussion in *Challis*, however, the Idaho Supreme Court in *Fussell*, held that use of "but for" terminology in a jury instruction on actual causation is improper where there are multiple independent forces that may have caused or contributed to the harm. The Court there held that in multiple causation cases the jury must be instructed that proximate cause is established if the jury finds that the defendant's negligence was a "substantial factor" in causing the plaintiff's injury. The Court distinguished the *Fussell* case from *Hilden v. Ball*, 117 Idaho 314, 787 P.2d 1122 (1989), where a "but for" jury instruction was approved, by explaining that *Hilden* involved a single cause of harm while *Fussell* involved multiple causes. *Fussell*, 120 Idaho at 595, 818 P.2d at 299. In *Manning v. Twin Falls Clinic & Hospital, Inc.*, 122 Idaho 47, 830 P.2d 1185 (1992), the Supreme Court reiterated that a substantial factor instruction alone was proper in multiple cause cases.

The substantial factor test was adopted to allow recovery in circumstances where the defendant's negligence may have concurred with another cause to bring about the injury, even though it could not be established that the damage to the plaintiff would not have occurred "but for" the defendant's negligence. *See Fussell*, 120 Idaho at 593–95, 818 P.2d at 297–99. In other words, substantial factor is a more liberal standard, allowing

recovery in situations where a strict "but for" analysis might relieve the defendant of liability.

The second component of proximate cause—the scope of legal responsibility—has been little discussed in Idaho case law. In *Munson v. State Department of Highways*, 96 Idaho at 531, 531 P.2d at 1176, the Court stated: "Proximate [legal] cause focuses upon legal policy in terms of whether responsibility will be extended to the consequences of conduct which has occurred." *Id.* See also *Henderson v. Cominco American, Inc.*, 95 Idaho 690, 695, 518 P.2d 873, 878 (1973). These decisions say little, however, about the practical application of this element.

A subsequent Idaho Supreme Court decision, *Alegria v. Payonk*, 101 Idaho 617, 619 P.2d 135 (1980), suggests that this issue as to whether the defendant's legal responsibility will be extended to cover the plaintiff's injury is determined by assessing whether it was reasonably foreseeable that such harm would flow from the negligent conduct. In *Alegria* the Court overruled *Meade v. Freeman*, 93 Idaho 389, 462 P.2d 54 (1969), which had held that vendors of intoxicants would not be liable for injuries caused by drunk drivers who had purchased liquor from the vendors, because the sale of liquor was "too remote to be considered a proximate cause." In overruling this precedent the Supreme Court applied a reasonable foreseeability test:

In general, it is held that "one owes the duty to every person in our society to use reasonable care to avoid injury to the other person *in any situation in which it could be reasonably anticipated or foreseen that a failure to use such care might result in such injury.*" ... *Kirby v. Sonville*, 286 Or. 339, 594 P.2d 818, 821 (1979).

. . . .

In ruling on the correctness of the summary judgment entered in this case, we

*Henderson v. Cominco American, Incorporated*, 95 Idaho 690, 695, 518 P.2d 873, 878 (1973) (citations omitted). *See also Hickman v. Fraternal Order of Eagles, Boise*, 114 Idaho 545, 549, 758 P.2d 704, 708 (1988); *Munson v. State Department of Highways*, 96 Idaho at 531, 531 P.2d at 1176. In more recent years, however, actual

causation analysis has been discussed by the Supreme Court under the rubric of "proximate cause." *See Manning v. Twin Falls Clinic and Hospital, Inc.*, 122 Idaho 47, 51–52, 830 P.2d 1185, 1189–90 (1992); *Fussell v. St. Clair*, 120 Idaho at 592–95, 818 P.2d at 296–99.

must determine "whether [appellants'] injury and the manner of its occurrence [were] so highly unusual that we can say, as a matter of law that a reasonable man, making an inventory of the possibilities of harm which his conduct might produce, would not have reasonably expected the injury to occur." *Kirby v. Sonville, supra.*

*Alegria,* 101 Idaho at 619–20, 619 P.2d at 137–38 (emphasis in original). We note that Idaho Pattern Jury Instruction 230 incorporates this foreseeability standard by specifying that proximate cause means, "a cause which, *in natural or probable sequence,* produced the complained injury, loss or damage...." The term "natural or probable sequence" implies a requirement of foreseeability.

■ Based upon these authorities, we conclude that the legal responsibility element of proximate causation is satisfied if at the time of the defendant's negligent act the plaintiff's injury was reasonably foreseeable as a natural or probable consequence of the defendant's conduct.[2]

■ Resolution of this issue is nearly always for the jury. Only when reasonable minds could come to but one conclusion as to whether the plaintiff's injury was reasonably foreseeable may the judge decide this legal responsibility issue as a matter of law. As the court stated in *Alegria:*

[W]here the evidence on material facts is conflicting, or where on undisputed facts reasonable and fairminded men may differ as to the inferences and conclusions to be drawn, or where different conclusions might reasonably be reached by different minds, the question of negligence ... and proximate cause is one of fact to be submitted to the jury and not a question of law for the court; if, upon all the facts and circumstances, there is a reasonable chance or likelihood of the conclusions of reasonable men differing, the question is one for the jury.

101 Idaho at 619–620, 619 P.2d at 137–138. *See also* Prosser and Keeton, § 45 at 320–21.

Both the *factual cause* and the *legal cause* components of proximate cause must be present in order for a negligent defendant to be liable for the plaintiff's damages. Thus, a negligent act may meet the "but for" or "substantial factor" test, so as to be a cause in fact, the defendant may not be liable because it was not reasonably foreseeable that defendant's act would lead to the harm suffered by the plaintiff. Conversely, a careless act may foreseeably create a risk of great harm to the plaintiff, but the actor will not be liable if the careless conduct was not, in fact, a source contributing to the plaintiff's injury.

In Doe's case, the district court, in granting summary judgment in favor of the hospital, appears to have been rendering a judgment that, as a matter of legal policy, liability should not be allowed to extend so far from

---

2. This use of a foreseeability analysis is consistent with the approach advocated by Professors Prosser and Keeton in their treatise on the law of torts, W. Page Keeton *et al.,* PROSSER AND KEETON ON THE LAW OF TORTS (5th ed. 1984) (Prosser and Keeton). The authors pose several analytical frameworks for defining the scope of legal responsibility and conclude that a model based upon the foreseeable risk of harm created by the breach of the duty of care is the most widely adopted and analytically correct method of expressing the legal responsibility component of proximate cause. *Id.* at §§ 42–43.

The authors also note that such an analysis is similar to that used when determining whether there has been a breach of the general duty of care. *Id.* at 280. A distinction exists, however, in that a breach of the duty of care may occur and yet the plaintiff's particular injury may exceed all bounds of reasonable foreseeability. Thus, a storekeeper who leaves a slippery floor has breached the duty of care and might be expected to foresee injury to a person who slips and falls, but not foresee that a person who falls may injure a muscle but walk away only to suffer a . muscle spasm while driving home, which causes him to ram his automobile into another who in turn receives inadequate medical treatment and loses a limb. In such a case liability should be limited to those consequences that a person in the circumstances of the defendant could reasonably foresee as a result of his breach of the duty of care.

the negligent act.[3] That is, the district court's concern related to the scope of legal responsibility. However, the court articulated the issue as whether the hospital's negligence was a "substantial factor" in causing the sexual abuse—which is a question of factual cause.[4] We conclude that this was not a correct analytical approach.

■ As explained above, the substantial factor test applies to determine cause in fact when there are multiple alleged causes of the plaintiff's injury and cause in fact is at issue. In the present case, when the substantial factor standard is properly recognized as a matter of *factual* cause, it is apparent that the evidence is sufficient to preclude summary judgment on that issue.

■ First, although this may be a multiple cause case because the negligence of the hospital, misconduct by Garcia and alleged negligence of Doe's parents may have combined to bring about the harm, the other two causes are not actually independent of the hospital's negligence for purposes of substantial factor analysis. The hospital cannot claim that Garcia's actions constitute an independent intervening force. As the Supreme Court noted in *Doe v. Durtschi*, 110 Idaho 466, 716 P.2d 1238 (1986):

> The fact that the plaintiff's injuries were caused by a third party does not absolve the school district from liability for its negligence. The concept of supervening causation is inapplicable, under the allegations of the present case. Durtschi's ac-

tions were the foreseeable result of the school district's alleged failure to exercise due care to protect its students. The very risk which constituted the district's negligence was the probability that such actions might occur.

It is clearly unsound to afford immunity to a negligent defendant because the intervening force, the very anticipation of which made his conduct negligent, has brought about the expected harm. *Gibson v. United States*, 457 F.2d 1391, 1395 (3rd Cir. 1972). To do so would fly in the face of basic principles of tort law, as recounted in the Restatement:

> If the likelihood that a third person may act in a particular manner is the hazard or one of the hazards which makes the actor negligent, such an act whether innocent, negligent, intentionally tortious, or criminal does not prevent the actor from being liable for harm caused thereby.

Restatement (Second) of Torts § 449. *See Smith v. Sharp*, 82 Idaho 420, 428, 354 P.2d 172, 176 (1960).

*Id.* at 471–72, 716 P.2d at 1243–44. The third potential cause—Doe's parents' alleged negligence—also could not be an independent cause of the injury. The parents' negligence, if any, was in failing to prevent the harm to Doe caused by actions set in motion by the hospital's negligence. Standing alone, his parents' negligence would have caused no injury to Doe, and even if their negligence is proved, it would not eliminate the hospital's

---

3. Throughout this opinion when we refer to the hospital's negligence we do so with recognition that negligence is assumed only for purposes of the summary judgment proceedings, and we imply no view that negligence is established as a matter of law.

4. Our Supreme Court has never expressly stated that the substantial factor analysis applies only to determinations of cause in fact as distinguished from legal cause. The Court hinted at such, however, in *Hickman v. Fraternal Order of Eagles*, 114 Idaho 545, 549, 758 P.2d 704, 708 (1988), and the Court's decisions have applied the substantial factor analysis only in circumstances where factual cause, not legal cause, was at issue. *See Manning*, 122 Idaho 47, 830 P.2d

1185; *Fussell*, 120 Idaho 591, 818 P.2d 295; *Fouche v. Chrysler Motors Corp.*, 107 Idaho 701, 692 P.2d 345 (1984). Prosser and Keeton note that a "substantial factor" analysis is inappropriate for determining the scope of legal responsibility:

> But when the "substantial factor" is made to include all of the ill-defined considerations of policy which go to limit liability once causation in fact is found, it has no more definite meaning than "proximate cause," and it becomes a hindrance rather than a help. It is particularly unfortunate insofar as it suggests that the questions involved are only questions of causation, obscuring all other issues....

Prosser and Keeton, *supra,* § 42 at 278.

negligence as a cause in fact contributing to Doe's injury.

Second, the uncontroverted facts show that even the more stringent "but for" test is met here—but for the hospital's acts in employing Garcia and permitting Garcia to have contact with Doe in the hospital, the two would not have met and the ultimate abuse would not have occurred. Doe argues, and we agree, that the substantial factor standard is employed to make proof of factual cause easier than it would be under the "but for" test, not more difficult. It aids the plaintiff in circumstances where the strict "but for" test may not be satisfied. It is not intended to defeat the cause in fact element when "but for" causation is established.[5]

Thus, it is not a cause in fact issue that is presented by the hospital's argument that its negligence could not be the proximate cause of Doe's injury. Rather, the hospital's assertion—that it is not liable to Doe because the molestation was too remote in time and circumstance from the hospital's negligent acts—presents a question as to the other component of proximate cause, the scope of legal responsibility. Therefore, the appropriate inquiry is whether the harm suffered by Doe was a reasonably foreseeable consequence of the hospital's breach of its duty of care.

It is Doe's theory that the hospital owes a duty of care to protect its patients from sexual abuse by hospital employees. Doe posits that if the hospital had conducted an adequate background investigation before hiring Garcia, it would have learned that Garcia had a history of sexually molesting a young male patient, and that the hospital did, in fact, learn of this history and of Garcia's continuing attraction to young males when he consulted the counselor in the EAP program. Armed with this knowledge, he contends, the hospital should have taken steps to protect patients in Doe's situation from potentially harmful contact with Garcia.

■ Doe also contends that the hospital, having psychologists and psychiatrists on its staff, must be charged with knowledge of the methodologies of sexual predators, which may include a protracted grooming process. Expert testimony presented in opposition to the summary judgment motion indicates that a lengthy grooming process is often used by child sexual abusers, and that the time period that elapsed between Doe's first acquaintance with Garcia and the beginning of the sexual abuse is very common. Thus, argues Doe, "Whether a jury should impute to the Hospital at least rudimentary fore knowledge of the fact that most sexual predators use a long grooming process goes to the very heart of both duty and proximate cause, because it defines what is reasonably foreseeable." Doe contends both (1) that Doe's ability to fully develop this factual issue as to the foreseeability of the harm was hampered by the district court's denial of Doe's Rule 56(f) motion, and (2) that the existing record is sufficient to raise a factual issue for the jury as to whether the hospital reasonably should have foreseen the risk that a sexual predator like Garcia would have continued to pursue and groom, and ultimately sexually molest, young male patients after their discharge from the hospital.

We find the first issue dispositive. The district court, in ruling upon Doe's Rule 56(f) motion, held that the counselor's information and Doe's psychiatric history were relevant only to the existence and breach of the duty of care, which was assumed for purposes of the summary judgment motion, and was not

5. This case differs from those holding that the substantial factor test must be employed. In those cases, there were factual issues about the physical mechanism of injury. *Fussell* and *Manning* involve medical malpractice claims where the defendant contended that the patient's injury was caused by a pre-existing disease process or physical condition and would have arisen even if the alleged medical negligence had not occurred. *Fouche* was a product liability action which pre-sented an issue whether the plaintiff would have sustained equally serious injuries in an automobile accident even if the seatbelt and collapsible steering column of his automobile had properly functioned. In other words, there was an issue of fact as to how the injury occurred. Here, there is no similar factual issue about how the injury was inflicted, and "but for" causation is clear.

relevant to the proximate cause inquiry. We cannot agree. The extent of an employer's knowledge of an employee's dangerous propensities is relevant not only to a determination of whether a duty of care was breached but also to the scope of the potential harm that was a reasonably foreseeable consequence of the breach.

In this case, evidence as to (a) the extent of the counselor's knowledge about Garcia's past sexual misconduct with minors and his attraction to young males, (b) whether the counselor ethically could or did disclose such information to other hospital personnel, and (c) whether the hospital took any action in response to this information, is relevant in determining if the hospital reasonably should have foreseen that continuing Garcia's employment without adequate supervision might lead to harm to young patients even after their discharge from the hospital. It was therefore error to deny Doe's Rule 56(f) motion seeking an opportunity to conduct discovery on these points before disposition of the summary judgment motion. The hospital's willingness to assume a breach of the duty of care for purposes of the motion did not obviate Doe's need to develop information that was relevant also to proximate causation, which was the focal issue of the summary judgment motion. We therefore conclude that the plaintiffs should have been allowed to complete discovery regarding the hospital's knowledge of Garcia's psychiatric history and sexual proclivities before being required to respond to the hospital's summary judgment motion. It follows that the district court's order granting summary judgment to the hospital must be vacated.

The judgment of the district court is vacated, and the case is remanded for further proceedings. Costs to appellants.

WALTERS, C.J., and PERRY, J., concur.