692 P.2d 345

Edgar A. FOUCHE, Plaintiff-Appellant, and Cross-Respondent,

v.

CHRYSLER MOTORS CORPORATION, Wilson Motors, Inc., Defendants-Respondents, and Cross-Appellants,

and

ABC Corporation, DEF Corporation, GHI Corporation, JKL Corporation, and Dodge Motor Corporation, Defendants.

No. 14784.

Supreme Court of Idaho.

Nov. 20, 1984.

Michael R. McLaughlin, Mountain Home, Lloyd J. Webb, argued, Twin Falls, for plaintiff-appellant, and cross-respondent.

John W. Barrett, argued, Michael G. McPeek of Moffatt, Thomas, Barrett & Blanton, Chartered, Boise, for defendant-respondent, and cross-appellant Chrysler Motors Corp.

Richard C. Mellon, Jr., of Elam, Burke, Evans, Boyd & Koontz, Boise, for defendant-respondent and cross-appellant Wilson Motors, Inc.

Eugene A. Ritti and John R. Kurtz, Jr., of Hawley, Troxell, Ennis & Hawley, Boise, for amicus curiae.

BISTLINE, Justice.

This is a products liability action brought by Edgar Fouche for personal injuries which he suffered when his Dodge Colt passenger car collided with an unmanned vehicle on a freeway during the night. Mr. Fouche's claim is that his injuries were enhanced by malfunctions of his car's seat belt and collapsible steering column. At the close of Mr. Fouche's case-in-chief, the district court ruled that Mr. Fouche had presented sufficient evidence of equipment malfunction to submit the issue of product defects to the jury. The court ruled, however, that Mr. Fouche had not proven that the defects proximately caused his injuries; specifically, that he did not prove what injuries he would have sustained had the seat belt and steering column functioned properly. Therefore, the court held that Mr. Fouche had failed to make a prima facie case for enhancement of injuries. Reviewing the facts presented by Mr. Fouche and applying the appropriate standard for ruling on directed verdicts, we believe that a prima facie case was established and reverse the district court.

Viewing the facts and inferences reasonably drawn therefrom in a light most favorable to Mr. Fouche, the relevant evidence establishes the following: Mr. Fouche was wearing his seat belt at the time the accident occurred. The impact of the collision, however, nevertheless caused him to strike the steering column with his chest and to hit the windshield with his head. The severity of the impact between his chest and the steering wheel was evidenced by the visible bend which it produced in the steering column. The steering column in Mr. Fouche's car collapsed between 1½ inches and 1¾ inches instead of the five inches it should have collapsed. Following the impact, Mr. Fouche discovered that his seat belt, though unraveled, was nonetheless still latched around him. Taken to a hospital, in addition to various cuts and contusions, Mr. Fouche also complained of chest pain, the cause of which was correctly diagnosed as a ruptured aorta. Mr. Fouche was immediately transferred to another hospital with the necessary facilities and the emergency heart surgery performed.

In addition, Mr. Fouche introduced evidence through his own testimony that he had tested the seat belt by strapping himself in and, while the vehicle was not moving, extending forward as far as he could. He testified that in so doing he could touch only his forehead and the area around his nose to the steering wheel. In this way he sought to demonstrate that the seat belt, if working properly, would have prevented him from striking the steering wheel with his chest or the windshield with his head. An inference which the jury might have drawn was that but for his chest hitting the steering wheel, which failed to properly collapse, his aorta would not have ruptured; had his head not struck the windshield he would not have suffered the abrasions and contusions to his head.

On a motion for directed verdict, the moving party admits the truth of the adverse party's evidence and every legitimate inference that may be drawn therefrom. *Shields & Co. v. Green,* 100 Idaho 879, 606 P.2d 983, (1980); *Barlow v. International Harvester Co.,* 95 Idaho 881, 522 P.2d 1102 (1974). Further, as we have noted before, although a trial court has power under rule 50(a) of the Idaho Rules of Civil Procedure to grant a directed verdict at the close of plaintiff's case, the preferred practice is to defer a ruling upon

a motion for a directed verdict until both sides have finally rested. Moreover, even at the close of all the evidence, it may be desirable to refrain from directing a verdict though it would be possible to do so. *Gmeiner v. Yacte*, 100 Idaho 1, 592 P.2d 57 (1979). Finally, we note that where, as in the present case, the motion for directed verdict concerns the issue of proximate cause, it is only in the rare situation in which reasonable minds could not reach different conclusions that the trial court is justified in removing the issue from the consideration of the jury. *Crane v. Banner*, 93 Idaho 69, 455 P.2d 313 (1969). The issue of causation is generally reserved for the jury unless the proof is so clear that all reasonable minds would construe the facts and circumstances in the same manner. *Schaefer v. Elswood Trailer Sales*, 95 Idaho 654, 516 P.2d 1168 (1973).

■ Chrysler argues that because Mr. Fouche introduced no expert medical testimony to demonstrate that "plaintiff's injuries would not have occurred but for the alleged failures of the seat belt and collapsible steering column to properly function ..., the jury would have had to speculate whether plaintiff's torn aorta and other injuries would have been sustained in the collision even if there had been no defect or whether plaintiff's injuries were caused solely by the allegedly defective seat belt and steering column." Brief of Chrysler Motors Corporation, p. 15. However, this objection misconceives the proper analysis. The question is merely *whether,* giving full consideration to the evidence produced by the plaintiff and every legitimate inference which can be drawn therefrom, *the product defect was a substantial factor in causing the injuries suffered. Cf. Munson v. State Department of Highways*, 96 Idaho 529, 531, 531 P.2d 1174, 1176 (1975); *Hackworth v. Davis*, 87 Idaho 98, 105, 390 P.2d 422, 426 (1964). The conduct of the manufacturer need not be the sole factor, or even the primary factor, in causing the plaintiff's injuries, but merely a *substantial* factor therein. *Fietzer v. Ford Motor Co.*, 590 F.2d 215, 218 (7th Cir.1978). Though it is no doubt true that a plaintiff

may bolster his or her case considerably through the use of expert testimony, we nevertheless decline to require such expert testimony for the establishment of a plaintiff's prima facie case.

Defendants urge the view of the trial court stated in granting the motion for directed verdict:

> The only evidence at all that I can conceive that's been presented is the plaintiff's own testimony that he sat in the vehicle and tried to see how far he could go forward. But this would be irrelevant to the question of how far forward his body could go if it were stopped suddenly at the speed of 55 miles per hour. I think the plaintiffs would have to establish that. Accordingly, I think the motion has to be granted.
>
> Tr., Vol. IV, p. 689–90.

A jury, however, as finder of the facts, might have viewed the evidence differently. We believe that this is precisely the type of issue which is best left to the judgment and common sense of the jury.

■ First, we note that nearly everyone has had the experience of a sudden stop or of slowing down in an automobile and understands the effect such a motion has on people and things within the automobile. "A trier of fact is permitted to use in his deliberations matters of common experience." *Oana v. Haskell*, 7 Ariz.App. 493, 497, 441 P.2d 259, 263 (1968); *see also* Idaho Jury Instructions 111. In appraising evidence before them, "[j]urors have the right to apply their own common sense and to use the general knowledge they have in common with the rest of mankind." *Noland v. Sears, Roebuck & Co.*, 207 Kan. 72, 76, 483 P.2d 1029 (1971). Moreover, assessing the worth of Mr. Fouche's testimony concerning his test of the seat belt's degree of restraint when the car was not moving, as compared to its actual restraint in a collision at 55 mph, is a question which—although reasonable people may differ—is better left to a jury.

■ Second, as to the car's safety devices and their malfunction, the specific

purpose for such equipment is to prevent or minimize injuries resulting from an accident. Evidence showing Mr. Fouche's injuries to be of the type which the seat belt and collapsible steering wheel were designed to protect against is relevant to prove that the defective equipment was a substantial factor in producing the injuries. *Cf. May v. Portland Jeep, Inc.*, 265 Or. 307, 509 P.2d 24 (1973). Thus, the evidence of the purpose of a seat belt and collapsible steering wheel taken together with the nature of the plaintiff's injuries was sufficient for a reasonable juror to have concluded that the defects in these safety devices were a substantial factor in producing plaintiff's injuries.

■ The evidence, when viewed in its best light, tends to show that: (1) the seat belt and collapsible steering column were defective; (2) that as a result of these defects, the plaintiff struck the steering column with considerable force; (3) that the plaintiff suffered a chest injury as the result of the accident; and (4) that the chest injury suffered by the plaintiff was of the type which the defective safety devices were intended to prevent or at least, mitigate. Based upon such evidence, reasonable minds could legitimately infer that the failure of the defective safety devices was a substantial cause of the injuries suffered by the plaintiff in this case. Therefore, we hold that the plaintiff met his burden in establishing a prima facie case, thereby entitling him to have his claim considered by the jury.

*Reversed and remanded* for a new trial. Costs to appellant.

DONALDSON, C.J., and HUNTLEY, J., concur.

BAKES, Justice, dissenting:

I dissent.

As Justice Bistline explained in *Gmeiner v. Yacte*, 100 Idaho 1, 592 P.2d 57 (1979), in reviewing the grant of a defendant's motion for a directed verdict this Court must determine "whether as a matter of law, the plaintiff produced sufficient evidence (not a mere scintilla) from which reasonable minds could conclude that a verdict in favor of this plaintiff was proper." *Id.* at 4, 592 P.2d at 60. Thus, before this Court may overturn this directed verdict, we must find that Mr. Fouche produced substantial evidence from which reasonable minds could conclude that a verdict in favor of Mr. Fouche was proper. Substantial evidence has not been produced here.

Construing the facts in a light most favorable to Mr. Fouche does not change the basic facts of the case. Mr. Fouche suffered injuries when he drove his 1972 Dodge Colt into the rear of a parked 1955 Ford. Mr. Fouche testified that he was traveling between 50 and 55 m.p.h. *at the time of impact.* Although Mr. Fouche was wearing a seatbelt at the time of impact, he was not wearing the shoulder harness with which the Dodge Colt was equipped. At trial, two physicians testified as to the extent of Mr. Fouche's injuries. However, neither physician testified as to what would cause an aorta to rupture. Further, as the trial court correctly stated, "The only evidence at all that I can conceive that's been presented [proving that Mr. Fouche's injuries would not have occurred except for the alleged defects] is the plaintiff's own testimony that he sat in the vehicle and tried to see how far he could go forward. But this would be irrelevant to the question of how far forward his body could go if it were stopped suddenly at the speed of 55 miles per hour." Thus, not only did Mr. Fouche fail to show what caused his aorta to rupture, he failed to prove any connection between the alleged defects and the injury.

Not even a "mere scintilla" of evidence was presented to show that any alleged defect in the Dodge Colt's safety equipment caused Mr. Fouche's aorta to rupture. Although Mr. Fouche's aorta was seemingly ruptured during the collision, an occupant of a vehicle which strikes a stationary automobile while traveling between 50 and 55 m.p.h. might be expected to sustain some injuries—regardless of the safety equipment provided by the manufacturer of the vehicle. In fact, it is entirely possi-

ble that Mr. Fouche's torn aorta resulted from his body's impact with the seatbelt itself. At trial the treating physician, Dr. Holdren, testified that Mr. Fouche suffered no bone damage as the result of the accident. If, as the plaintiff suggests, the torn aorta resulted from the body's impact with the steering wheel when the wheel allegedly failed to fully collapse, it would seem that the force of the impact would have caused more than minor bruising of Mr. Fouche's chest. In any event, the plaintiff had the burden of establishing causation, and that required some evidence that the torn aorta was the result of the allegedly defective seatbelt or steering column, and not merely the result of the accident of which he, and not the manufacturer, was the cause. Although the plaintiff introduced testimony from his doctor concerning the torn aorta, there was no attempt by the plaintiff's witness to tie the torn aorta to the defective equipment. Accordingly, there was no evidence upon which to establish causation, and the trial court correctly directed a verdict in favor of the defendants. To allow a jury to speculate as to the cause of injury, based on this plaintiff's limited presentation of "proof", is error. Accordingly, I would affirm the trial court's directed verdict.

SHEPARD, J., concurs.