727 P.2d 1279

Terry EDWARDS; Chris Edwards Roth as Guardian Ad Litem for Joshua Edwards and Sarah Edwards, Minors, Plaintiffs-Appellants,

v.

CONCHEMCO, INCORPORATED, A Delaware Corporation as Predecessor of Nashua Homes Corporation; John Does 1 Through 10; Partnerships X Through Z and Corporations A Through J, Whose Identities Are At This Time Unknown, Defendants-Respondents.

No. 16250.

Court of Appeals of Idaho.

Oct. 31, 1986.

James E. Risch, Robert J. Insinger and Craig G. Bledsoe (argued) (Risch, Goss, Insinger & Salladay), Boise, for plaintiffs-appellants.

Kathy Perkins Brooks (Eberle, Berlin, Kading, Turnbow & Gillespie), Boise, for defendants-respondents.

BURNETT, Judge.

This is an appeal from a summary judgment in a product liability action. The district court ruled that the plaintiffs had failed to establish a genuine issue concerning the existence of a defective product. We affirm.

The product in question is a mobile home manufactured by Conchemco, Inc. Terry Edwards purchased the mobile home secondhand. About six months later, it was destroyed by fire. Edwards and his two minor children, Joshua and Sarah, were burned while fleeing from the blaze. Edwards and the children sued Conchemco along with various unnamed defendants. Edwards alleged that the fire was "of unknown origin" but that unspecified defects in the mobile home had produced the fire and had caused it to spread with unusual speed. Conchemco did not file an answer. It moved for summary judgment and the motion was granted.

■ Summary judgment is, of course, proper only when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. I.R.C.P. 56(c). On appeal we exercise free review in determining whether a genuine issue of material fact exists. Here, the factual controversy at the heart of the plaintiffs' case—whether premised on strict liability, breach of warranty or negligence—is whether the mobile home was somehow defective.

■ In *Farmer v. International Harvester Co.*, 97 Idaho 742, 553 P.2d 1306 (1976), our Supreme Court held that a product defect may be established by circumstantial evidence. When such evidence is presented, the trier of fact is invited to infer the existence of a defect. The inference may, but need not, be supported by expert testimony. *Fouche v. Chrysler Motors Corp.*, 107 Idaho 701, 692 P.2d 345 (1984); *Farmer v. International Harvester Co., supra.* However, in all events, the inference must be drawn reasonably from the underlying facts. The requirement of reasonableness parallels the general rule that a party resisting summary judgment is entitled to have every reasonable inference drawn in his favor. *E.g., Palmer v. Idaho Bank & Trust of Kooskia*, 100 Idaho 642, 603 P.2d 597 (1979).

This general rule is subject to an exception where the evidentiary facts are not disputed and a judge rather than a jury will be the ultimate trier of fact. In that situation, the judge alone will be responsible for drawing inferences from the facts, and he is not constrained to draw all reasonable inferences in favor of the nonmoving party. Rather, he may draw the inferences he deems to be most probable. *Riverside Development Co. v. Ritchie*, 103 Idaho 515, 650 P.2d 657 (1982). However, the Supreme Court recently has narrowed this exception. In *Jones v. E G & G Idaho, Inc.*, 111 Idaho 591, 726 P.2d 703 (1986), the Court said that even if no party has requested a jury, the general rule requiring all reasonable inferences to be drawn in favor of the nonmoving party remains in effect so long as the time for demanding a jury trial has not expired under I.R.C.P. 38(b). In this case, Edwards did not request a jury trial. However, Conchemco—like the defendant in *Jones*—moved for summary judgment without filing an answer. A "last pleading," as denoted by Rule 38(b), was not filed. A jury trial still might have been demanded. Consequently, in resisting summary judgment, Edwards was entitled to whatever reasonable inferences could be drawn from the evidentiary facts.

The facts are simple and sparse. In support of its motion for summary judgment, Conchemco presented an affidavit showing that the mobile home had been manufactured in compliance with the factory's quality control standards and with all federal fire safety regulations. In response, Edwards merely relied upon a deposition he gave during discovery and upon an affidavit obtained from the fire chief in the community where the fire occurred.

In his deposition, Edwards added little to the allegation in his complaint that the fire was of "unknown origin." Edwards testified that he had been asleep when the fire started. When he awoke, the fire was "everywhere" in the vicinity of a hallway. Asked how the fire started, Edwards replied, "I don't know." Although Edwards declared that several individuals had voiced opinions about the cause of the fire, no affidavits from those persons were presented. Hearsay accounts of their opinions could not be accorded evidentiary weight. I.R.C.P. 56(e).

In his affidavit the fire chief stated, "The mobile home was completely destroyed in approximately ten to fifteen minutes." He further observed:

> [T]he approximate period of time of ten to fifteen minutes is an unreasonable rate of fire spread and consumption.... I believe the rate of ignition was hazardously and unreasonably high, resulting in the mobile home burning extremely quickly, causing injury or increasing the risk of injury to the persons occupying the same.

However, he identified no defect in the mobile home. Edwards was left to rely on the foregoing facts as circumstantial evidence that the mobile home was defective.

 The district judge held that these facts were insufficient to support a reasonable inference of a defect in the mobile home. We agree. In *Petricevich v. Salmon River Canal Co.*, 92 Idaho 865, 452 P.2d 362 (1969), our Supreme Court made it clear that to withstand a motion for summary judgment, the plaintiff's case must be anchored in something more solid than speculation. A mere scintilla of evidence is not enough to create a genuine issue. Here, the record contains no evidence upon which a jury reasonably could rely in finding that a defect in the mobile home produced the fire. Neither does the rapid spread of the fire, by itself, rise above a mere scintilla of evidence to support an inference that the mobile home was defective.

We do acknowledge, as Edwards contends, that the district judge's memorandum decision went beyond this analysis and may have suggested an improper weighing of the evidence. The decision contained a comment that it was "at least equally possible" that the fire was caused by furnishings or other items in the mobile home, rather than by the mobile home itself. When making this remark, the judge might have been thinking of Idaho cases holding that where a plaintiff seeks to establish a product defect by circumstantial evidence, he must show that the defect is the most probable inference to be drawn from the underlying facts. In *Farmer v. International Harvester Co.*, *supra*, the Supreme Court stated that a plaintiff must exclude other "reasonably likely causes." 97 Idaho at 749, 553 P.2d at 1313. In *Henderson v. Cominco American, Inc.*, 95 Idaho 690, 699, 518 P.2d 873, 882 (1974), the Court said that a plaintiff may not recover if other "equally probable" inferences may be drawn. However, such weighing of relative probabilities is a function to be performed by the trier of fact. Except in a *Ritchie* situation, the judge should not weigh reasonable inferences against each other when ruling on a motion for summary judgment. The question on summary judgment is limited to whether the facts, and reasonable inferences in favor of the nonmoving party, are sufficient to create a "genuine" issue.

Nevertheless, in this case, the judge's reference to other "equally possible" inferences did not represent the foundation of his analysis. The comment appeared cursorily at the end of his memorandum decision. Elsewhere the judge stated that

there were "no facts or circumstances, nor any reasonable inferences which can be drawn to indicate any liability on the part of the defendants...." He further characterized the plaintiffs' case as "supported only by a mere suspicion or possibility...." We are persuaded that the district judge applied the proper standard in granting the motion for summary judgment. Exercising our standard of free review, we have reached the same conclusion.

The judgment of the district court is affirmed. Costs to the respondent, Conchemco, Inc. No attorney fees on appeal.

WALTERS, C.J., and SWANSTROM, J., concur.