885 P.2d 1162

**Cleve D. MALLORY and Delores D. Mallory, husband and wife, Plaintiffs–Appellants,**

**v.**

**CITY OF MONTPELIER, Defendant–Respondent,**

**and**

**Bear Lake County School District, Glay Homer, and the Montpelier Women's Softball Association, an unofficial association comprised of Marsha Singleton, Jennifer Hendricks, Linda Thomas, and Jane Does I through IX, Defendants.**

No. 20836.

Court of Appeals of Idaho.

Dec. 6, 1994.

John B. Kugler, Pocatello, for appellants.

Racine, Olson, Nye, Cooper & Budge, Pocatello, for respondent. Mitchell W. Brown, argued.

PERRY, Judge.

In this case, we are asked to determine whether a plaintiff complied with the Idaho Tort Claims Act in a personal injury action against a city. We conclude, based on the facts of this case, that a notice of claim was not filed within the 180–day time limit imposed by I.C. § 6–906, and therefore the action was properly dismissed by the district court on a motion for summary judgment.

## FACTS AND PROCEDURE

On July 26, 1990, Delores Mallory was injured during a softball game on a field owned by the City of Montpelier (the City). Mallory slid into second base and severely injured her ankle. On July 31, 1990, Mallory and her husband decided to return to inspect the field more closely. At that time, they discovered that the bases had been secured to the ground using iron or steel bolts, which they believed were the possible cause of the injury. On January 24, 1991, Mallory filed a notice of claim with the City, as required by I.C. § 6–901 et seq. (the Idaho Tort Claims Act). This claim was filed 182 days after the injury, but 177 days after the inspection of the field and the discovery of the bolts. The City did not act on the claim and Mallory then filed a complaint in district court. Mallory's husband joined in the complaint, asserting a loss of consortium as well as anxiety and nervousness caused by the injury to his wife.

The City moved for summary judgment, claiming that the Mallorys had failed to notify the City of their claim within the 180–day limit imposed by I.C. § 6–906, and thus the complaint was barred by I.C. § 6–908. The district court granted summary judgment and dismissed the complaint as to the City. Thereafter, the district court entered a final judgment and certification pursuant to I.R.C.P. 54(b). The Mallorys appeal, claiming that the district court erred in dismissing their complaint because they did not discover the mechanism of the injury until July 31, 1990, and the 180–day time limit should be calculated from the date of discovery of the bolts, not the date of the injury itself.

## ANALYSIS

We first note that summary judgment under I.R.C.P. 56(c) is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. On appeal, we exercise free review in determining whether a genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. *Edwards v. Conchemco, Inc.*, 111 Idaho 851, 852, 727 P.2d 1279, 1280 (Ct. App.1986). When assessing the motion for summary judgment, all controverted facts are to be liberally construed in favor of the nonmoving party. Furthermore, the trial court must draw all reasonable inferences in favor of the party resisting the motion. *G & M Farms v. Funk Irrigation Co.*, 119 Idaho 514, 517, 808 P.2d 851, 854 (1991); *Sanders v. Kuna Joint School Dist.*, 125 Idaho 872, 876 P.2d 154 (Ct.App.1994).

Because the Mallorys sought to bring an action against the City of Montpelier, the Idaho Tort Claims Act is applicable. Under the Idaho Tort Claims Act, "No claim or action shall be allowed against a governmental entity or its employee unless the claim has been presented and filed within the time limits prescribed by this act." I.C. § 6–908. The applicable time limit is found in I.C. § 6–906, which states:

All claims against a political subdivision arising under the provisions of this act and all claims against an employee of a political subdivision for any act or omission of the employee within the course and scope of his employment shall be presented to and filed with the clerk or secretary of the political subdivision within one hundred eighty (180) days from the date the claim arose or reasonably should have been discovered, whichever is later.

Thus, the failure to file a claim within the 180–day time limit acts as a bar to any further action.

■ This case focuses on the interpretation of the language "the claim . . . reasonably should have been discovered." All parties apparently concede that the injury in this case occurred on July 26, 1990. The filing of the notice of tort claim did not take place until January 24, 1991, 182 days after the date of the injury. The Mallorys argue, however, that they did not discover what they believed actually caused the injury, the bolts securing the bases to the ground, until July 31, 1990. Therefore, they contend the 180–day time limit did not begin to run until July 31, 1990. If correct in their analysis, the Mallorys filed notice 177 days after the discovery of their claim, within the time limit of I.C. § 6–906.

Whether the Mallorys' argument is correct depends upon how the language "reasonably should have been discovered" is to be interpreted. Our Idaho Supreme Court has stated, with regard to I.C. § 6–906, that, "knowledge of facts which would put a reasonably prudent person on inquiry is the equivalent to knowledge of the wrongful act and will start the running of the [180]–day period." *McQuillen v. City of Ammon,* 113 Idaho 719, 722, 747 P.2d 741, 744 (1987); *Newlan v. State,* 96 Idaho 711, 717, 535 P.2d 1348, 1354 (1975). The district court, in its order granting summary judgment to the City, stated:

At the time of the injury to plaintiff, plaintiffs had sufficient knowledge to put a reasonably prudent person on inquiry and thus the 180 day time requirement began to run on July 26, 1990. An investigation into whether or not the base was faulty was not necessary to place plaintiffs on inquiry. It appears to this court that there is no relationship between the late filing and plaintiff's being put on inquiry notice. Plaintiff's notice of tort claim was dated January 5, 1991 but not filed with the City Clerk until January 24, 1991. Because plaintiffs failed to give notice to the City within 180 days from the date the claim arose, the complaint must fail.

■ We agree with the district court's conclusion. The undisputed facts of this case

are that Mallory was injured when she slid into second base during the game. There is no question regarding a latent injury, the extent or existence of which is unknown at the time of the "wrongful act." Similarly, no other facts were hidden from Mallory that subsequently became known and, therefore, put her on inquiry notice of the City's role in her injury. Mallory's argument in this case is, essentially, that because she did not know the exact cause of her injury (allegedly the bolts) on July 26, her claim was not "discovered" until she investigated the bases themselves. This argument misreads the language of *McQuillen.* The statute does not begin running when a person fully understands the mechanism of the injury and the government's role, but rather when he or she is aware of such facts that would cause a reasonably prudent person to inquire further into the circumstances surrounding the incident.

The Mallorys' case shows quite clearly the difference between actual knowledge and knowledge of facts that would put a reasonably prudent person on inquiry notice. Although Mallory did not know of the metal bolts, or perhaps even that the City owned the softball field, at the time of her injury, the facts she was aware of led her to investigate the incident further. Her cursory inspection of the field revealed a possible cause of the injury and the City's ownership of the field could have been determined with minimal effort. Armed with a few simple facts, Mallory acted as a reasonably prudent person might when she sought to find out the exact nature of the accident. This is sufficient to constitute "inquiry notice." Moreover, Mallory does not contend that there subsequently became known to her any facts between July 26 and July 31 that led her to inspect the field. Thus, knowledge of facts that prompted a further inquiry, where such inquiry led to the discovery of facts necessary to formulate a claim against a government entity, were sufficient to begin the running of I.C. § 6–906 on July 26, even though the actual mechanics of the injury were unknown.

Further, if accepted, Mallory's argument would render the 180–day time limit mean-

ingless. Such interpretation would allow a party to delay completion of an investigation for months and even years before submitting a notice of claim under the Idaho Tort Claims Act. Such is not the purpose or intent of the discovery exception in the Act.

Mallory cites two cases to support her position, *Doe v. Durtschi,* 110 Idaho 466, 716 P.2d 1238 (1986) and *Carman v. Carman,* 114 Idaho 551, 758 P.2d 710 (Ct.App.1988). These cases, however, are distinguishable from the case at bar. In *Doe v. Durtschi,* the plaintiffs, parents of minor children who had been molested by a teacher, had no reason to know of and possessed no knowledge that would cause them to investigate into the school district's hiring of the offending teacher with knowledge of his improper proclivities. Only after the preparation of a presentence investigation of the teacher in a criminal action did the parents learn of the potential liability of the school district. Thus, the statute was properly tolled until the parents received information that led them to inquire further into the school district's knowledge.

Similarly, in *Carman,* the plaintiff did not know, nor did she have sufficient facts to cause her to properly inquire further, that a county employee was involved in her alleged injury. Once she gained such information, through the testimony of her former husband during a bankruptcy proceeding, the time limit of I.C. § 6–906 began to run. In both of these cases, there were facts in existence at the time of the injury that the plaintiffs did not know, and could not have been reasonably expected to discover, until a later time when some knowledge, beyond their initial reach, was imparted to them. In this case, all the relevant facts were at Mallory's immediate disposal at the time of the injury. The knowledge of these facts was sufficient to deem her on inquiry notice. Thus, *Carman* and *Durtschi* are inapposite to this case.

## CONCLUSION

On the facts of this case, we conclude that the district court did not err in granting summary judgment to the City. All of the facts necessary for the Mallorys to investi-

gate and formulate a claim were available to them at the time of the injury. The discovery exception is not applicable in this instance and thus the Mallorys failed to properly file their notice of tort claim with the City under the Idaho Tort Claims Act. The order of the district court granting the City's motion for summary judgment is affirmed. Costs, but not attorney fees, are awarded to respondent, City of Montpelier.

WALTERS, C.J., and LANSING, J., concur.