946 P.2d 1345

Larry COLLINS, Plaintiff–Appellant,

v.

Kent COLLINS, and Does I through X, inclusive, Defendants–Respondents.

No. 23176.

Court of Appeals of Idaho.

Oct. 23, 1997.

David W. Thompson, Jerome, for appellant.

Bowen, Brassey, Gardner, Wetherell & Crawford, Boise, for respondents.

LANSING, Chief Judge.

This is an action seeking recovery for personal injuries allegedly caused by the defendant's negligence. The district court granted summary judgment in favor of the defendant, and the plaintiff appeals. We conclude that there exist genuine issues of material fact making summary judgment inappropriate, and we therefore reverse the district court's order and remand the case for further proceedings.

## I. BACKGROUND

Kent Collins owned a home that he was planning to sell. In preparation for placing it on the market, he wished to clean up debris on the property, including weeds and leaves. He hired his brother, Larry Collins, to perform this work. Although Kent had borrowed a truck to haul away some of the debris, he told Larry that if the wind later died down and blew from the east, away from the house, Larry should burn the leaves and weeds. As soon as these conditions existed, Larry placed the leaves and weeds in the garden area in the back of the house. He found some paint thinner in a shed, poured it on the pile, lit the pile on fire, and went to the front of the house to do some work there.

Approximately twenty to forty minutes later, Larry returned to check on the fire. He noticed that one small pile of leaves was not burning. He kicked at these unburned leaves with his left foot in order to scatter them and make the area "look neater." Almost immediately, Larry noticed that his left pant leg was on fire. He rolled on the ground and then ran for a hot tub about twenty feet away. Finding the hot tub empty, he ran for a water spigot another forty feet away. He turned on the spigot, but no water came out. He then took off the cotton vest he was wearing and smothered the fire with it. Larry estimated that from the time he realized his pant leg was on fire until the time he was able to put out the fire, about two minutes had passed.

Larry suffered third degree burns from his knee to his foot. As a result of the injury, he was unable to work for two months and suffers permanent restrictions on his physical activities. Larry brought this action against Kent to recover for the injuries. Larry's complaint alleges that Kent negligently failed to provide a water source and negligently left Larry unsupervised while he burned the debris. Kent filed a motion for summary judgment, which the district court granted. The district court held that it was Larry Collins's own action in kicking the leaves, not an act or omission of Kent, that proximately caused Larry's injuries. Larry now appeals from that summary judgment.

## II. ANALYSIS

### A. The District Court Correctly Ordered the Additions to the Record on Appeal.

As a preliminary matter we must consider a procedural issue regarding the proper composition of the record on appeal.

On August 2, 1996, Larry filed a notice of appeal requesting no reporter's transcript and requesting inclusion in the clerk's record of only those documents that are automatically included under Idaho Appellate Rule 28. Rule 28(a)(1)(E) provides that all attachments or affidavits in support of or in opposition to motions for summary judgment are to

be automatically made a part of the record. When the record was served upon the parties on August 22, 1996, the affidavit of C. Clayton Gill in support of the motion for summary judgment was not included. This affidavit presented as attachments transcripts of the depositions of Larry and Kent Collins. On September 6, 1996, pursuant to I.A.R. 29(a), Kent filed an objection to the record, requesting that the Gill affidavit with attachments be added to the clerk's record. In the objection, he also requested that the transcripts of the hearings on the summary judgment motion be added to the court reporter's transcript. On the same date Kent also filed a request for additional transcripts and records pursuant to I.A.R. 19 by which he sought the addition of the same documents mentioned in his objection to the record. The district court held a hearing on Kent's objection to the record and thereafter ordered that the record be augmented with the Gill affidavit and the hearing transcripts.

On appeal, Larry argues that the district court erred in ordering the addition of the affidavit and the hearing transcripts because the request was untimely. Specifically, Larry argues that Kent's objection to the record was essentially a request for additional transcript and record governed by I.A.R. 19, and as such was untimely because it was not filed within the time limit specified in that rule.

■ Under I.A.R. 19(a), if a respondent desires to include portions of the reporter's transcript or clerk's record in addition to those designated in the notice of appeal, the respondent must file a request for the additional transcript or record within fourteen days after the filing of the notice of appeal. Kent's request for the transcripts and additional record was not filed within the time limit of I.A.R. 19(a). It is apparent, however, that the Gill affidavit and its attachments should have been included in the original clerk's record under the dictates of I.A.R. 28(a)(1)(E), and Kent could not have known that the affidavit would be erroneously excluded from the clerk's record until the rec-

ord was served upon him. Accordingly, as to the Gill affidavit, I.A.R. 19(a) was inapplicable.

■ The transcripts of the summary judgment hearings could have been requested by Kent under I.A.R. 19(a), but his failure to make such a request in a timely fashion was not fatal. By terms of I.A.R. 29(a), the parties have twenty-one days from the date of service of the reporter's transcript and clerk's record within which to file objections to the transcript or the record. Such objections may include "requests for corrections, additions or deletions." I.A.R. 29(a). Under I.A.R. 27(d) and 29(a), when a reporter's transcript has been requested, the court reporter is to lodge the original and copies of the transcript with the clerk of the district court who, upon completion of the clerk's record, serves copies of both the transcript and the clerk's record upon the parties. Thus, copies of the transcript and the clerk's record are typically served together. It is from the date of that service that the twenty-one days begins to run for the filing of an objection to the transcript or record under I.A.R. 29(a). Here, service of the clerk's record on August 22, 1996 started the twenty-one-day time period for objections, including requests for additions to the transcript or the record. Kent's objection asking for inclusion of the Gill affidavit and transcripts of the summary judgment hearings was filed within the required time frame under Rule 29. Therefore, these items were appropriately added to the appellate record by order of the district court.[1]

## B. The District Court Erred in Granting Kent Collins's Motion for Summary Judgment

We next address Larry's argument that the district court erred in granting summary judgment. Summary judgment is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. I.R.C.P. 56(c); *Bonz v. Sudweeks,* 119 Idaho 539, 541, 808

---

1. Even the opportunity to file an objection under I.A.R. 29 is not the last opportunity for a party to request additions to the clerk's record or the reporter's transcript. After the record and tran-

script are settled pursuant to I.A.R. 29, a party may still request augmentation or deletions from the transcript or record by filing a motion with the Supreme Court pursuant to I.A.R. 30.

P.2d 876, 878 (1991); *Edwards v. Conchemco, Inc.,* 111 Idaho 851, 852, 727 P.2d 1279, 1280 (Ct.App.1986). When a court assesses a motion for summary judgment, the facts are to be liberally construed in favor of the nonmoving party, and all inferences must be drawn in the nonmovant's favor. *Walter E. Wilhite Revocable Living Trust v. Northwest Yearly Meeting Pension Fund,* 128 Idaho 539, 545, 916 P.2d 1264, 1270 (1996); *G & M Farms v. Funk Irrigation Co.,* 119 Idaho 514, 517, 808 P.2d 851, 854 (1991). "All doubts are to be resolved against the moving party, and the motion must be denied if the evidence is such that conflicting inferences may be drawn therefrom, and if reasonable people might reach different conclusions." *Olsen v. J.A. Freeman Co.,* 117 Idaho 706, 720, 791 P.2d 1285, 1299 (1990). *See also State v. Rubbermaid, Inc.,* 129 Idaho 353, 356, 924 P.2d 615, 618 (1996); *Doe v. Durtschi,* 110 Idaho 466, 470, 716 P.2d 1238, 1242 (1986). The burden of proving the absence of an issue of material fact rests at all times upon the moving party. *McCoy v. Lyons,* 120 Idaho 765, 769, 820 P.2d 360, 364 (1991); *G & M Farms, supra.*

The only cause of action alleged by Larry is a claim asserting that Kent was negligent in failing to provide safe working conditions. Specifically, Larry asserts that Kent's failure to provide a hose with running water and the assistance or supervision of a co-worker, when Kent knew that debris would be burned, constituted negligence that proximately caused Larry's injury.

■ The elements of a cause of action for negligence are: (1) the existence of a duty, recognized by law, requiring the defendant to conform to a certain standard of conduct; (2) a breach of that duty; (3) a causal connection between the defendant's conduct and the resulting injury; and (4) actual loss or damage. *Black Canyon Racquetball Club, Inc., v. Idaho First Nat'l Bank, N.A.,* 119 Idaho 171, 175–76, 804 P.2d 900, 904–05 (1991); *Alegria v. Payonk,* 101 Idaho 617, 619, 619 P.2d 135, 137 (1980). In this case the district court held that, based upon the undisputed evidence, Larry could not prove the third of these elements, proximate causation. The court concluded that the proximate cause of Larry's injuries was his own conduct in kicking the pile of unburnt leaves and on that basis granted summary judgment to Kent.

Before we address the merits of the district court's ruling, we must digress briefly to acknowledge an issue argued by both parties that has no apparent bearing on this appeal. Both parties devoted a substantial portion of their appellate briefs to the question whether Larry was Kent's invitee, his employee or an independent contractor. Larry maintains that he was an invitee or casual employee while Kent asserts that Larry was an independent contractor. Neither party, however, makes any mention of how this issue is relevant to the summary judgment or the appeal. It might be supposed that the scope of Kent's duty of care is dependent upon Larry's status as an employee, independent contractor or invitee, but neither party has made such an argument or cited any authority defining or distinguishing the duty of care owed to persons in any of those classifications. Although the district court stated in its written decision that Larry was an independent contractor, the summary judgment was not based upon that holding. The district court's decision, as explained in some detail in its comments from the bench, plainly was based upon lack of proximate cause, not lack of a duty of care. On appeal, Kent has not urged as an alternative ground to sustain the summary judgment that no duty was owed or breached. In short, the nature of Larry's status may be a genuine factual issue but it has not been shown to be a *material* issue and therefore is not a bar to summary judgment. *See American Machine Co. v. Fitzpatrick,* 92 Idaho 416, 419, 443 P.2d 1013, 1016 (1968). Accordingly, we will restrict our review to the proximate cause element upon which the district court's decision was based. In the absence of any argument or citation of authority by either party addressing how the characterization of Larry's status as an employee, independent contractor or invitee affects the negligence claim, and specifically the proximate cause element, we will not address the issue.

■ Proximate cause is composed of two elements, cause in fact or "actual cause" and scope of legal responsibility. *Doe v. Sisters of the Holy Cross,* 126 Idaho 1036,

1039–41, 895 P.2d 1229, 1232–34 (Ct.App. 1995); *Crosby v. Rowand Machinery Co.*, 111 Idaho 939, 941, 729 P.2d 414, 416 (Ct. App.1986). *See also Munson v. State Dep't of Highways*, 96 Idaho 529, 531, 531 P.2d 1174, 1176 (1975). Only the actual cause component has been put at issue in this case. Where there are multiple actual causes of the harm, the plaintiff may recover if the defendant's negligence was a "substantial factor" in causing the injury. *Manning v. Twin Falls Clinic & Hospital, Inc.*, 122 Idaho 47, 51, 830 P.2d 1185, 1189 (1992); *Fussell v. St. Clair*, 120 Idaho 591, 595, 818 P.2d 295, 299 (1991); *Doe, supra*. When there is only one actual cause alleged, Idaho courts apply the more stringent "but for" test. *Le'Gall v. Lewis County*, 129 Idaho 182, 187, 923 P.2d 427, 432 (1996). These two tests are mutually exclusive. *Id.* The substantial factor test is appropriate when the defendant's negligence may have concurred with another cause to bring about the injury, even though the plaintiff cannot establish that the damage would have occurred "but for" the defendant's negligence. *Fussell*, 120 Idaho at 593–95, 818 P.2d at 297–99. In this case, both Kent's negligence and Larry's negligence are alleged to have caused the injury. Thus, the case involves multiple causes and the substantial factor test is appropriate.

█ We can distill from Larry's brief two proximate causation arguments. He asserts that Kent's negligence was the sole proximate cause of the accident or, alternatively, that Kent is at least liable for enhancement of Larry's injuries even though Larry's own act was the initiating cause. With respect to the first argument, Larry contends that if Kent had made water available, Larry would have had water running near the fire the entire time, and would have wet down the entire area after the fire appeared to be out in order to insure that it was completely extinguished. Therefore, according to Larry, his pant leg never would have caught fire. This argument is contrary to the record. In his deposition, Larry testified that he did not become aware that there was no water until his clothing caught fire and he ran to the spigot. It is obvious, therefore, that Larry did not attempt to have the water running while the fire was burning or to wet down

the ground, for if he had done so he would have learned that water was not available. It follows that the absence of available water was not the cause of Larry's failure to take such precautions. Therefore, Larry's argument that Kent's omission was the sole proximate cause of Larry's injuries is refuted by the uncontroverted evidence.

█ We find merit, however, in Larry's second argument, that there exists a factual issue as to whether Kent's negligence caused an enhancement of Larry's injuries. Larry asserts that if Kent had provided either water or a co-worker who could have come to Larry's assistance, the fire on Larry's clothing would have been extinguished more quickly and his burns would have been less severe. Larry thus challenges the district court's holding that Larry's kicking the pile of leaves was "*the* proximate cause" of his burns. Although Larry's act in kicking the leaves unquestionably was *one* actual cause of his injury, as noted above, an injury can have more than one actual cause. In such a case, a defendant may be liable if his or her negligence was a "substantial factor" in bringing about the harm. *Le'Gall, supra; Fussell*, 120 Idaho at 595, 818 P.2d at 299.

█ A party whose negligence aggravated or enhanced the plaintiff's injury may be liable even though the plaintiff would have suffered some level of injury irrespective of the defendant's negligence. Such liability for injury enhancement was considered by the Idaho Supreme Court in *Fouche v. Chrysler Motors Corp.*, 107 Idaho 701, 692 P.2d 345 (1984). In that case, the plaintiff sued the manufacturer of his automobile to recover for injuries he suffered in an automobile collision. He claimed that his injuries were enhanced as a result of malfunctions of his car's seatbelt and collapsible steering column. The district court granted a directed verdict for the manufacturer on the ground that the plaintiff had not met his burden to prove that the defective seatbelt and steering column were the proximate cause of the injuries. In reversing the directed verdict, the Supreme Court stated:

The question is merely *whether,* giving full consideration to the evidence produced by

the plaintiff and every legitimate inference which can be drawn therefrom, *the product defect was a substantial factor in causing the injuries suffered.* The conduct of the manufacturer need not be the sole factor, or even the primary factor, in causing the plaintiff's injuries, but merely a *substantial* factor therein.

*Id.* at 704, 692 P.2d at 348 (citations omitted). The *Fouche* case illustrates the principle that a defendant may be liable for all damages proximately caused by his negligence, even when some lesser injury may have occurred without it.

This proposition is not new in American law. In *Felter v. Delaware & H.R. Corp.,* 19 F.Supp. 852 (1937), the court considered whether a railroad could be held liable for the enhancement of damages caused when one of its trains negligently blocked the passage of a fire truck en route to the plaintiff's burning home. Although the railroad company did not cause the fire, the court entered judgment on a jury verdict in favor of the plaintiff. The court held that there was sufficient evidence for the jury to conclude that a large part of the house and its contents could have been saved had the train not delayed the fire engine. Similarly, in *Finnegan v. Royal Realty Co.,* 35 Cal.2d 409, 218 P.2d 17 (1950), the Supreme Court of California held that although the defendant landlord did not cause the fire, it could nonetheless be liable for enhancement of injuries that tenants suffered as a result of the landlord's failure to provide adequate fire exit doors, which delayed the tenants' eventual escape. *Id.* at 24.

That a plaintiff's own negligence set in motion the actual cause of his injury does not necessarily preclude recovery. A plaintiff's negligence does not bar his cause of action against a tortfeasor so long as the plaintiff's negligence was not as great as that of the defendant. I.C. § 6-801.[2]

Questions of negligence and proximate cause are to be resolved by a jury. *Alegria*

*v. Payonk,* 101 Idaho 617, 619–20, 619 P.2d 135, 137–38 (1980); *Fouche,* 107 Idaho at 704, 692 P.2d at 348; *Ryals v. Broadbent Development Co.,* 98 Idaho 392, 394, 565 P.2d 982, 984 (1977); *Doe,* 126 Idaho at 1041, 895 P.2d at 1234. It is also for the jury to compare the degree of the plaintiff's negligence with that of the defendant, unless reasonable minds could not differ. *Harrison v. Taylor,* 115 Idaho 588, 596, 768 P.2d 1321, 1329 (1989); *McKinley v. Fanning,* 100 Idaho 189, 191, 595 P.2d 1084, 1086 (1979). The Idaho Supreme Court has said:

[W]here the evidence on material facts is conflicting, or where on undisputed facts reasonable and fairminded men may differ as to the inferences and conclusions to be drawn, or where different conclusions might reasonably be reached by different minds, the question of negligence, contributory negligence and proximate cause is one of fact to be submitted to the jury and not a question of law for the court; if, upon all the facts and circumstances, there is a reasonable chance or likelihood of the conclusions of reasonable men differing, the question is one for the jury.

*Nagel v. Hammond,* 90 Idaho 96, 102, 408 P.2d 468, 472 (1965), *quoting Stowers v. Union Pac. R.R. Co.,* 72 Idaho 87, 93, 237 P.2d 1041, 1044 (1951).

We conclude that reasonable minds could reach different determinations as to whether Kent's failure to provide water or a co-worker at the site was a substantial factor in causing a part of Larry's injuries. It could be reasonably inferred that the availability of water or the presence of a co-worker to come to Larry's aid would have led to earlier extinguishment of the fire and thereby prevented some portion of the injury.

We hold that summary judgment here was erroneous because, viewing the facts and all reasonable inferences to be drawn therefrom in the light most favorable to Larry, there exist material issues of fact regarding proximate causation. The district court's order

---

2. Idaho Code § 6-801 provides, in part:

**Comparative negligence of comparative responsibility—Effect of contributory negligence.—** Contributory negligence or comparative responsibility shall not bar recovery in an action by any

person or his legal representative to recover damages for negligence ... if such negligence or comparative responsibility was not as great as the negligence ... of the person against whom is sought....

granting summary judgment is therefore reversed and the matter is remanded for further proceedings. Costs are granted to appellant pursuant to I.A.R. 40.

PERRY, J., and WALTERS, Acting J., concur.