35 P.3d 776

Ron JENSEN and Kurt Young,
Plaintiffs–Appellants,

v.

AMERICAN SUZUKI MOTOR CORPO-
RATION, John Doe Subcontractors and
John Doe Retailer, Defendants–Respon-
dents.

No. 25912.

Supreme Court of Idaho,
Pocatello, May 2001 Term.

Oct. 29, 2001.

Richard D. Vance, Pocatello, for appellants.

Racine, Olson, Nye, Budge & Bailey, Pocatello, and Becherer Kannett & Schweitzer, Emeryville, CA, for respondents. Patrick J. Becherer argued.

KIDWELL, Justice.

Appellants Ron Jensen and Kurt Young appeal the district court's grant of summary judgment dismissing their product liability and crashworthiness claims.

## I.

### FACTS AND PROCEDURAL HISTORY

The following facts have been adapted from the memorandum decision and order issued by the district court on August 19, 1999.

This lawsuit stems from an accident that occurred on May 31, 1996. On that day, plaintiffs Jensen and Young were traveling the speed limit, 75 miles per hour, approximately five miles east of American Falls, Idaho, on Interstate 86. The driver, Young, lost control of the 1992 Suzuki Swift he was driving when he and Jensen attempted to transfer a dog from the back seat of the vehicle to the front passenger seat of the vehicle. The plaintiffs attempted to do this in order to warm the dog by moving him closer to the heater. In the process of moving the dog, Young was briefly distracted, left the road-way, over-corrected the vehicle, and ultimately rolled the vehicle approximately three times.

During the course of the accident, Jensen was ejected from the vehicle through the sunroof and ultimately landed on his feet in the middle of the road. Jensen suffered a large abrasion to his right shoulder and a three-centimeter laceration to his nose and head.

Young, who remained in the driver's seat, suffered an open fracture dislocation of his left little finger, lacerations on three fingers of his left hand, forearm and upper arm, a deep abrasion with extensive road rash on his left upper back, and a laceration on the back of his head.

The facts are undisputed that the accident occurred as a result of Young's negligence and that Young received a citation for inattentive driving. Both Jensen and Young claim to have been wearing their seat belts at the time of the accident. This case is premised upon Jensen and Young's claim that their personal injuries were a result of a product defect in the 1992 Suzuki's seat belts.

The vehicle was totaled as a result of the accident. It was towed to Denny's Wrecker Service where Corporal Shawn Klitch, an Idaho State Police Officer, inspected the seat belts. Corporal Klitch found no defects with the seat belts. The car was subsequently sold as scrap to a dealer in Boise, Idaho, and was eventually destroyed. At no time were the seat belts in the vehicle inspected by anyone with an interest in the litigation other than Corporal Klitch.

On June 2, 1997, Jensen settled his claims against Young and the owner of the vehicle, Lisa Boyer,[1] for $31,761.75 with the owner's insurance carrier.

The defense moved for summary judgment on July 6, 1999, and argument was heard on this motion on August 9, 1999. The plaintiffs primarily relied on the testimony of Young and Jensen in support of their claim that the

---

1. Lisa Boyer, Young's girlfriend at the time of the accident, was later married and subsequently changed her name to Lisa Turpin.

seat belts were defective. Both Young and Jensen stated in their affidavits that they were wearing their seat belts at the time of the accident. Both men stated that it was unlikely there was "grime" in the seat belt fastening mechanism, and that it was highly unlikely that the dog inadvertently unfastened the seat belt.

The plaintiffs also argued that the Geo Metro and the Suzuki Swift were essentially the same vehicle. According to the plaintiffs, since the seat belts in the Geo Metro did not function properly, the seat belts in the Suzuki Swift most likely did not function properly, as well. The affidavit of Linda Brammer was submitted by the plaintiffs to support this allegation. Brammer stated that she purchased a 1991 Geo Metro as a new vehicle and owned the vehicle until 1998. During the time that she owned the vehicle, the driver's seat belt became unfastened on numerous occasions while she was driving down the road. Prior to selling the car, Brammer received a notice that the vehicle was being recalled due to the defective seat belt latch mechanism.

Plaintiffs also claimed that Lisa Boyer, the owner of the car at the time of the accident, admitted that the seat belts in her car did not function properly. The affidavit of Corporal Klitch was submitted to show that subsequent to the accident, Lisa Boyer told him that the passenger seat belt did not latch all the way.

The defense also presented various affidavits in support of its case. Perhaps the most significant evidence produced by the defense was the affidavit of Edward Moffatt, a registered professional engineer, who specialized in biomechanics with emphasis on the movement of humans during collisions and the mechanics of trauma due to impact. Moffatt testified that Young's injuries were consistent with those to be expected in a rollover collision of this severity to a seat-belted occupant sitting adjacent to a window. In spite of the fact that Jensen was ejected from the vehicle, his injuries were also consistent with those to be expected of a seat-belted occupant in a rollover collision of this severity. Moffatt stated that a properly designed and properly functioning seat belt could not be expected to prevent the type of injuries sustained by Jensen and Young in a rollover collision of this severity. Moffatt stated that there was no enhancement to plaintiffs' injuries and that the seat belts were not a substantial factor in causing or enhancing the injuries of Jensen or Young. Further, Moffatt did not believe that the seat belt system in the Suzuki Swift was defective in design.

Moffatt also claimed that absent the opportunity to examine the seat belts, it would be impossible for him or any other expert to determine whether any condition of the seat belts caused the seat belt to fail to latch or fail to remain latched. Additionally, according to Moffatt, the fact that Jensen was ejected out the sunroof does not establish that his seat belt became unlatched.

The deposition testimony of Lisa Turpin, formerly Lisa Boyer, was also introduced by the defense. Turpin testified that when she owned the car, she recalled that the driver's seat belt worked properly. This testimony contradicted claims by the plaintiffs that Turpin had acknowledged that the seat belts in her car were defective.

The affidavit of Alexander Butt, a senior engineer in the Legal Office of American Suzuki Corporation, was presented to refute the allegation that the seat belts found in the Geo Metro and the Suzuki Swift were the same. Butt stated that the seat belt buckles used in the front seats of the 1992 Suzuki Swift were different than those that were subject to the recall in some 1991 Geo Metro vehicles.

The district court granted the defendants' motion for summary judgment on August 23, 1999. The district court found that the record was void of any evidence that would establish a product liability claim. The court noted that the plaintiffs admitted that the accident was caused by Young's negligent and inattentive driving and that the plaintiffs failed to produce any expert testimony to suggest that either plaintiff was injured by a defective or unsafe seat belt and/or that the defect existed when it left the control of the manufacturer. The district court observed that just because the seat belt became unfastened, it did not establish that the seat belt

was defective. Additionally, it was not common sense or general knowledge that a defective seat belt would be a "substantial factor" in causing the injuries experienced by the plaintiffs. The district court found that the plaintiffs had not established that the injuries would not have occurred had the seat belt functioned properly.

In regard to the plaintiffs' crashworthiness claim, the district court found that the record was void of any evidence that would demonstrate that the plaintiffs' injuries were enhanced or intensified by the alleged seat belt defect. The court found that the allegations in the complaint were conclusory. The plaintiffs filed this timely appeal on October 4, 1999.

## II.

### STANDARD OF REVIEW

■ When this Court reviews a district court's grant of summary judgment, it uses the same standard properly employed by the district court originally ruling on the motion. Summary judgment is proper "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The record is construed in the light most favorable to the non-moving party, and all reasonable inferences are drawn in favor of that party. If reasonable minds might come to different conclusions, summary judgment is inappropriate. On appeal, this Court exercises free review.

*Christensen Family Trust v. Christensen,* 133 Idaho 866, 870, 993 P.2d 1197, 1201 (1999) (internal citations omitted).

■ Additionally, in *Allstate Insurance Co. v. Mocaby,* 133 Idaho 593, 990 P.2d 1204 (1999), this Court discussed the burden assigned to the party opposing the motion for summary judgment.

In order to create a genuine issue of material fact, the party opposing the motion must present more than a conclusory assertion that an issue of fact exists. Rather, "the plaintiff must respond to the summary judgment motion with specific facts showing there is a genuine issue for trial."

. . . .

Further, summary judgment is appropriate where the non-moving party bearing the burden of proof fails to make a showing sufficient to establish the existence of an element essential to that party's case.

*Id.* at 596–97, 990 P.2d at 1207–08.

## III.

### ANALYSIS

**A. THE DISTRICT COURT DID NOT ERR IN FINDING APPELLANTS FAILED TO MEET THE REQUISITE BURDEN OF PROOF IN ORDER TO SURVIVE THE RESPONDENTS' MOTION FOR SUMMARY JUDGMENT.**

■ The doctrine of crashworthiness "stems from the foreseeable likelihood that in the normal course of operation an automobile may be involved in a collision." *Johnson v. Pischke,* 108 Idaho 397, 403, 700 P.2d 19, 25 (1985). This doctrine creates a duty on the part of the manufacturer to design and manufacture products in such a manner as to eliminate unreasonable risks of foreseeable injury in the event of a collision or other impact. *Id.*

■ In order to establish a claim under this doctrine, the evidence must show that the defect enhanced or intensified the injuries received, rather than establishing that the defect caused the accident. *Id.* If the record does not establish facts that demonstrate the plaintiffs' injuries were enhanced or intensified by the alleged defect or if the allegations are merely conclusory, a claim under this theory cannot prevail. *Id.*

■ We affirm the decision of the district court and find that the appellants have not presented sufficient evidence to establish a crashworthiness claim. Specifically, the record does not support a finding that the injuries suffered by the appellants were enhanced or intensified by a defective seat belt. Because appellants have not established this

464

essential element, the district court's grant of summary judgment was appropriate.

We find the appellants' reliance on *Fouche v. Chrysler Motors Corp.*, 107 Idaho 701, 692 P.2d 345 (1984), to be inappropriate. The facts of *Fouche* logically project the result, whereas the facts in this case do just the opposite. In *Fouche*, this Court examined a product liability case in the context of an alleged defective seat belt. *Id.* at 703, 692 P.2d at 347. In that case, Fouche, the plaintiff, was involved in an accident and suffered from a ruptured aorta, as well as various cuts and contusions. *Id.*

At the close of Fouche's case-in-chief, the district court held that Fouche had not proven the defects proximately caused his injuries since he did not prove what injuries he would have sustained had the seat belt and steering column functioned properly. *Id.*

This Court reversed the district court's decision, finding that Fouche had met his burden of establishing a *prima facie* case. *Id.* at 705, 692 P.2d at 349. In reaching its decision, the Court observed, "The question is merely *whether*, giving full consideration to the evidence produced by the plaintiff and every legitimate inference which can be drawn therefrom, *the product defect was a substantial factor in causing the injuries suffered.*" *Id.* at 704, 692 P.2d at 348. The appellants in this case have not established that the alleged product defect was a substantial factor in causing their injuries. Additionally, *Fouche* can be distinguished from the case at issue because of various factual dissimilarities. For example, in the case currently before the Court, there was no evidence of a severe impact on the part of the appellants. The seemingly minor injuries suffered by Jensen and Young also distinguish this case from *Fouche*, where the plaintiff suffered a ruptured aorta. Additionally, in *Fouche*, no mention is made of expert testimony presented by either the plaintiffs or the defendants. *Id.* at 704, 692 P.2d at 348. In this case, Moffatt, the defense expert, stated that the appellants' injuries were of the type to be expected from parties wearing seat belts involved in a high speed rollover; he indicated that the injuries were not caused by, or enhanced by, a seat belt defect.

We find that the appellants have not provided evidence sufficient to establish a product liability or crashworthiness claim. *Fouche*, which can be distinguished from the case at issue, does not necessitate a contrary conclusion. The district court's decision to grant the respondents' motion for summary judgment is affirmed.

## IV.

## CONCLUSION

The appellants failed to meet the requisite burden of proof in order to establish a product liability claim or a crashworthiness claim. The decision of the district court granting summary judgment to the respondents is affirmed. Costs to respondents.

Chief Justice TROUT, Justices SCHROEDER and WALTERS, concur.

Justice EISMANN, specially concurring.

I concur in the foregoing opinion, but I write to explain why the plaintiffs' reliance upon *Fouche v. Chrysler Motors Corporation*, 107 Idaho 701, 692 P.2d 345 (1984), was misplaced. The plaintiff if *Fouche* alleged that the injuries he suffered during the collision were enhanced by a defective seat belt and collapsible steering column. The impact of the collision caused his chest to strike the steering wheel with enough force to bend the steering column. Following the impact, he complained of chest pain, the cause of which was correctly diagnosed as a ruptured aorta. When his chest struck the steering wheel, the steering column collapsed between 1½ and 1¾ inches instead of the five inches it was designed to collapse. Prior to the collision Mr. Fouche had tested the seat belt, and it would not permit him to move forward far enough to touch his chest to the steering wheel. Following the accident, he discovered that his seat belt, although still latched, had unraveled. We held that the evidence, even without expert testimony, was sufficient to show that the seat belt and steering column were defective; that as a result of these defects Mr. Fouche's chest struck the steering wheel with considerable force, causing his severe chest injury; and that his chest injury

was the type of injury that the seat belt and collapsible steering column were designed to prevent. We also noted that nearly everyone has had the experience of a sudden stop or of slowing down in an automobile and understands the effect such a motion has on people within the vehicle.

In the instant case, however, the average juror has not experienced a rollover collision in a small car traveling at 75 miles per hour. Whether the minor injuries suffered by plaintiffs are greater than would normally be expected in such an accident is not a matter of common experience. Likewise, neither plaintiff suffered any injury that, by its nature, you could reasonably conclude was caused or enhanced by the alleged failure of his seat belt. Thus, the circumstances in this case were not sufficient to show that the plaintiffs' injuries were either caused or enhanced by the allegedly defective seat belts. To make that showing, they would have needed expert testimony. Because the testimony of defense expert Moffatt was unrebutted, the district court's grant of summary judgment was appropriate.