IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 46030

| IDAHO DEPARTMENT OF HEALTH AND WELFARE, | ) ) | Filed: June 19, 2019 |
|---|---|---|
| Plaintiff-Respondent, | ) ) ) | Karel A. Lehrman, Clerk |
| v. | ) ) ) | THIS IS AN UNPUBLISHED OPINION AND SHALL NOT |
| PRAVEEN KEVIN KHURANA, | ) ) | BE CITED AS AUTHORITY |
| Defendant-Appellant, | ) ) | |
| and | ) ) | |
| JOHN WILLIAM PERRY, | ) ) | |
| Defendant. | ) ) | |

Appeal from the District Court of the Second Judicial District, State of Idaho, Nez Perce County. Hon. Jay P. Gaskill, District Judge.

Judgment of the district court, <u>affirmed</u>. Attorney fees and costs awarded to respondent.

Praveen Kevin Khurana; Lewiston, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Douglas E. Fleenor, Deputy Attorney General, Boise, for respondent.
_____

GRATTON, Chief Judge

Praveen Kevin Khurana appeals from the district court's order granting summary judgment, which voided deeds giving the appellant an interest in real property. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

This appeal is the result of a Medicaid estate recovery action brought by the Idaho Department of Health and Welfare (Department). Delores Adamson, a Medicaid recipient, applied for and was provided with $239,781.80 in medical benefits. During the years before her death, Adamson made numerous transfers of her real property some involving Khurana. Upon

1

Adamson's death, the Department filed a complaint seeking to set aside these transfers so it could recover the benefits from Adamson's estate. It eventually moved for summary judgment claiming Adamson's transfers were in contravention of state and federal law. Specifically, it asserted that because Adamson never received adequate consideration for the property, the transfers were voidable. The district court granted the motion and entered a final judgment; voiding the conveyances to Khurana.[1] Khurana timely appeals.

## II.

## ANALYSIS

Khurana asserts numerous issues on appeal. However, as pointed out by the Department, none are properly supported by argument. A party waives an issue on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997). "A general attack on the findings and conclusions of the district court, without specific reference to evidentiary or legal errors, is insufficient to preserve an issue." *Bach v. Bagley*, 148 Idaho 784, 790, 229 P.3d 1146, 1152 (2010). Khurana lists twenty-three issues but fails to mention most in his argument. Those that are mentioned fail to assign error to the district court and are not supported by any relevant authority. Without such support, we will not consider these assertions in detail.[2]

However, even if we were to consider them, it appears from the record that the district court did not err in granting summary judgment because Khurana failed to raise a genuine issue of material fact. On appeal, we exercise free review in determining whether a genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. *Edwards v. Conchemco, Inc.*, 111 Idaho 851, 852, 727 P.2d 1279, 1280 (Ct. App. 1986). Summary judgment is proper if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the

---

[1] John William Perry's interest is no longer at issue as he transferred any interest he had in the property to Khurana in 2018.

[2] Pro se litigants are not entitled to special consideration or leniency because they represent themselves. To the contrary, it is well-established that courts will apply the same standards and rules whether or not a party is represented by an attorney and that pro se litigants must follow the same rules, including the rules of procedure. *Michalk v. Michalk*, 148 Idaho 224, 229, 220 P.3d 580, 585 (2009) (citations and quotations omitted); *Suitts v. Nix*, 141 Idaho 706, 709, 117 P.3d 120, 123 (2005); *Twin Falls Cnty. v. Coates*, 139 Idaho 442, 445, 80 P.3d 1043, 1046 (2003).

moving party is entitled to a judgment as a matter of law. Idaho Rule of Civil Procedure 56(c). The movant has the burden of showing that no genuine issues of material fact exist. *Stoddart v. Pocatello Sch. Dist. No. 25*, 149 Idaho 679, 683, 239 P.3d 784, 788 (2010). Khurana did not provide any information that demonstrated the transfers were valid or that adequate consideration was provided.[3] Without any evidence to support his argument it is unlikely the district court erred in granting summary judgment.

## III.

## ATTORNEY FEES

The Department requests attorney fees pursuant to Idaho Code § 12-117(1), arguing Khurana acted unreasonably in bringing this appeal. The statute provides:

> [I]n any proceeding involving as adverse parties a state agency or a political subdivision and a person, the state agency, political subdivision or the court hearing the proceeding, including on appeal, shall award the prevailing party reasonable attorney's fees, witness fees and other reasonable expenses, if it finds that the non-prevailing party acted without a reasonable basis in fact or law.

Because Khurana's claims amount to conclusory statements without assignment of specific error, we cannot say they have a reasonable basis in fact or law. Consequently, as a state agency and the prevailing party, the Department is entitled to attorney fees on appeal.

## IV.

## CONCLUSION

Khurana's claims on appeal will not be considered by this Court because he has failed to support them with relevant argument and authority. We therefore affirm the district court's judgment. Attorney fees and costs on appeal are awarded to the Department.

Judge HUSKEY and Judge BRAILSFORD **CONCUR**.

---

[3] The district court properly considered whether Adamson's property was disposed of without adequate consideration. Having concluded Adamson did not receive adequate consideration, it was required to void those transfers pursuant to I.C. § 56-218(2): "Khurana failed to provide evidence to support his argument that adequate consideration was received for the transfer. . . . Where that has not been done in this case, summary judgment is appropriate."

3